**Gerhard Willie GAWANTKA, Appellant,**

v.

**UNITED STATES of America.**

No. 14338.

United States Court of Appeals
Third Circuit.

Submitted Sept. 24, 1963.

Decided Jan. 31, 1964.

As Amended Feb. 26, 1964.

Gerhard Willie Gawantka, pro se.

Bernard J. Brown, U. S. Atty., Harry A. Nagle, Asst. U. S. Atty., Scranton, Pa., for appellee.

Before BIGGS, Chief Judge, and KALODNER and GANEY, Circuit Judges.

BIGGS, Chief Judge.

The petitioner or relator, Gawantka, pleaded guilty at No. 13,645 in the court below to an information charging him with knowing unlawful possession of a check taken from a mail receptacle in violation of Section 1708, Title 18, U.S.C. Gawantka was represented by court-appointed counsel. Sentence was suspended and he was put on probation for a period of five years, to begin upon his release from imprisonment on the sentence imposed at No. 13,635 in the court below, referred to immediately hereinafter. At No. 13,635 Gawantka was indicted for violations of Sections 495 and 1708, Title 18, U.S.C., charged with forging an endorsement on a United States check, with knowingly uttering a forged United States check, and with having knowing unlawful possession of a United States check. He was represented by the same court-appointed counsel who appeared for him at No. 13,645. Gawantka pleaded guilty to these charges also and was sentenced to imprisonment for five years. His pleas of guilty were voluntary insofar as anything in the present records demonstrates. He was asked on the arraignments and prior to the entries of the guilty pleas whether he understood that he was pleading guilty and he replied that he did so understand. Insofar as the records show he was asked nothing more and no explanation was given him as to the penalties which might be imposed upon him.

It appears that prior to the filing of the information and the handing down of the indictment that Gawantka admitted,

being questioned by federal officers, that he had stolen or forged checks. After the pleas of guilty had been entered and in the course of the hearing prior to sentencing, one of the checks that Gawantka had stolen was identified by a postal inspector as a United States check payable to Arthur R. Sprague, a resident of Columbus, Ohio. It would appear that Gawantka forged Sprague's endorsement on this check. During the same hearing Gawantka also admitted to a long course of criminal conduct consisting of stealing checks from mail boxes and forging endorsements on the checks so he could cash them. The sentences were imposed on Gawantka in November, 1961.

On December 27, 1962, Gawantka filed in the court below, a document entitled "Motion for Writ of Habeas Corpus", seeking release from imprisonment on the sentence imposed at No. 13,635. The court below treated this as an application for relief under Section 2255, Title 28, U.S.C. Cf. United States ex rel. Leguillou v. Davis, 212 F.2d 681 (3 Cir. 1954). The court below held no hearing and denied relief. Gawantka appealed.[1]

Gawantka's motion or petition, admits his unlawful possession of the incriminating evidence referred to above but alleges that postal inspectors searched his room and his suitcase without a warrant and, in at least one instance, over his express objection. He alleges that the incriminating material so seized was "submitted in evidence in a court of law and I was convicted thereof * * *." Gawantka's allegation is incorrect for he pleaded guilty. Nonetheless, Gawantka's admissions of his crimes to the federal officers and his pleas of guilty might not have been made if the searches and seizures had not been effected by the federal officers. Though Gawantka's pleading is inartistic and perhaps none too candid it is sufficiently clear to show that he is seeking release because of an alleged deprivation of his constitutional rights. Neither Gawantka, nor his counsel at the proceedings at which Gawantka pleaded guilty, referred to the searches and seizures. We have no way of knowing on the present record whether the alleged searches and seizures were or were not illegal.

The court below disposed of the petition in a brief unreported opinion by holding that conviction and sentence following a plea of guilty are based solely and entirely upon the plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities, citing Thomas v. United States, 290 F.2d 696 (9 Cir. 1961), certiorari denied 368 U.S. 964, 82 S.Ct. 446, 7 L.Ed. 2d 401 (1962); and United States v. Parker, 292 F.2d 2 (6 Cir. 1961). The great weight of authority in the lower federal courts is in accord with the cases just cited. See the decisions set out therein.

We can find no Supreme Court decision in point. The opinion in Commonwealth of Pa. ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956), is the only decision which can be deemed to suggest even remotely that relief might be available to Gawantka here. But its operative facts are not at all similar to those at bar. In the cited case, the defendant was not represented by counsel during the course of his trial; nor was he advised as to his right to have counsel. There were also allegations of force and coercion employed by the officers against the defendant. The prosecution was in a state court and the claim made by Herman was based on the Fourteenth and Fifth Amendments and a denial of due process of law. In the case at bar Gawantka's case seems based on the Fourth Amendment and its prohibition against unreasonable searches and seizures. In Herman's case the issue was raised as to whether Herman understood the nature and consequences of his pleas. Such an issue is not tendered by Gawantka by his pleading in the case at bar. Herman had pleaded guilty but

1. Gawantka is an alien and has been ordered deported. We stayed his deportation pending the disposition of this appeal.

nonetheless Mr. Justice Black stated, id. supra, 350 U.S. pp. 121–122, 76 S.Ct. p. 226, 100 L.Ed. 126: "It is true that the trial record shows that petitioner told the judge that he was guilty and said 'I throw myself on the mercy of the court, Your Honor.' But neither these nor any other statements made before the trial judge at that time are in themselves sufficient to refute as frivolous or false the serious charges made by the petitioner concerning matters not shown by the record. See Palmer v. Ashe, 342 U.S. 134, 137 [72 S.Ct. 191, 96 L.Ed. 154]. It is entirely possible that petitioner's prior confession caused him, in the absence of counsel, to enter the guilty plea."

■■ Gawantka was represented by counsel appointed by the court but he does not allege that this counsel did not represent him competently and adequately. By his own testimony Gawantka is shown to have been guilty of a number of serious federal crimes and his counsel may well have deemed it desirable to have Gawantka plead guilty and throw himself upon the mercy of the court because of these facts. The tactics to be employed under the circumstances presented are primarily those for the exercise of counsel's discretion, employed in good faith. In the absence of any allegation by Gawantka that his counsel was not so acting we cannot conclude that the questions presented in the court below in the instant case and on this appeal rise to the dignity of constitutional issues. Gawantka for reasons which do not appear in the record—perhaps because he received a more severe sentence than he anticipated or perhaps because his deportation is imminent—now embarks on a course the ultimate result of which would be to permit him to withdraw his pleas and stand trial. We are of the opinion that to permit such a course would find no justification in the law.

The order of the court below will be affirmed and the order entered by this court staying Gawantka's deportation will be vacated upon the going down of our mandate. It will remain in force, however, until the date specified in order that Gawantka may make application to the Supreme Court for certiorari, should he deem this course to be desirable. If Gawantka makes an application for certiorari this court's order staying his deportation will be continued in effect until the Supreme Court has disposed of the matter.