**UNITED STATES of America**

**v.**

**Charles H. PTOMEY and Edward L. Young.**

**Crim. No. 64–290.**

United States District Court
W. D. Pennsylvania.

June 3, 1965.

Stanley Greenfield, U. S. Atty., Pittsburgh, Pa., for the United States.

H. David Rothman, Pittsburgh, Pa., for defendants.

### ROSENBERG, District Judge.

The defendants are here for the second time with a Motion to Withdraw their Respective Pleas of Guilty to charges of armed bank robbery. The pleas of guilty were entered by them on October 1, 1964, before me in open court. At the time both defendants were represented by John Cohen, an attorney of the Allegheny Bar and the Bar of this United States District Court.

There is no dispute as to Mr. Cohen's competence and of his long experience in criminal practice before the various courts in this City. Neither is there any complaint of Mr. Cohen's representation of the defendants and of the handling of their case. Nor is there any complaint of his handling of their previous effort for the withdrawal of their respective pleas of guilty. It was after the first motion was denied by a memorandum opinion and order on January 6, 1965, that the defendants presented their present motion through new counsel, Attorney H. David Rothman.

In denying the defendants' first motion, I did so because first, defendant Ptomey presented nothing and remained mute during the entire time. He was given the opportunity in court to present whatever he may have had to justify or support his motion; and second, it was only after some considerable urging on my part that eventually defendant Young took the stand and in substance made the statement that he had been convinced or persuaded to enter a plea of guilty by his attorney, or that he was of the opinion that his attorney wanted him to enter a plea of guilty. When his attorney in questioning him, indicated that he did not evince any partisanship in making the choice on a plea of guilty or not guilty, the defendant Young agreed with his attorney. Nothing was here said, at this time, or was any indication given that the defendants were induced, coerced or deceived by any law enforcement officer.

In the second motion, as filed by Attorney Rothman, were set forth these reasons that: (1) the defendants' confessions were made prior to a hearing before the United States Commissioner, without benefit of counsel and in the absence of any warning that they had a right to remain silent and, therefore, such confessions were not only not voluntary but were in violation of the defendants' rights under the Fifth Amendment of the Constitution; (2) the confessions of the defendants were procured by promises of leniency; (3) the Government had insufficient evidence for a conviction; (4) the defendants were not adequately apprised of their right to attack the validity of their confessions and to stand trial; and (5) their pleas of guilty were entered on an erroneous assumption that they were required to plead guilty.

Upon presentation of the second motion, I held a second hearing with the view of receiving all possible evidence and granting the defendants a second opportunity of showing any wrongful processes or procedure as may have affected them.

The Government produced three of their F.B.I. agents and a sergeant of the Pittsburgh Police Bureau. From the testimony as produced by them and the defendants, it appears that the defendants of their own volition presented themselves to the F.B.I. agents; that they were advised of their constitutional rights and particularly of their right to be represented by counsel; that they were neither coerced or induced into making statements; that they understood what they were doing and the consequences of their actions; that they had had similar experiences in the State courts; and, that defendant Young had had severe sentences imposed on criminal charges in a state court in Allegheny County and that he had been released by reason of his having been granted a writ of habeas corpus based upon constitutional reasons similar to those here relied upon in support of the present motion.

At both hearings on the respective motions to withdraw the plea of guilty, both defendants were questioned by me as to when they entered their pleas of guilty before me. Both defendants were given ample time to make explanations surrounding their entering pleas in open court. I am convinced that the answers as given by both defendants were evasive and lacked earnestness and honesty; and as well, I am convinced that at no time from the inception of this action against them as they submitted themselves before the law enforcement officers were they deceived or induced to do that which they, for their own personal reasons chose to do—tell the truth.

From what appears in the evidence, when the defendants submitted themselves to the law enforcement officers, it would seem that they came because there was some question of their being accused or, at least, being under suspicion for, perhaps, other matters. Under such circumstances, they would be entitled to the right of meeting with their attorney before making any statements. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). But, on the other hand, there is nothing in law that will prevent a defendant from making a statement of confession when he does so understandingly, voluntarily and intentionally. Friedman v. United States, 200 F.2d 690, C.A.8, 1953, cert. denied 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357, 1953. In Jackson v. United States, 337 F.2d 136, D.C.Cir., 1964, it was held that even though a defendant was at the time without the assistance of counsel and was properly advised of his rights, that a confession which followed was admissible in evidence. And at page 138 of 337 F.2d, this was said: " * * * This court has expressly held that the Sixth Amendment does not require that counsel be appointed at the preliminary hearing." Neither is there any rule of law which requires law officers to take arrested persons to a commissioner for arraignment before taking a statement, where such a statement is willingly and voluntarily given. Walton v. United States, 334 F.2d 343, C.A.10, 1954.

As for the defendant Ptomey, this was not the first time he gave confessions to the F.B.I. He had done so approximately one month previously in another unrelated case. He did not deny that he knew the meaning of the words contained in the written confession as he gave it. As for the defendant Young, he testified that he knew the meaning of the Fifth Amendment; that he had learned this during the McCarthy era in the early 1950's; and, that he knew the meaning of his statements as contained in the confession.

Although they did testify that they were not given a chance to read the statements as signed by them, there is sufficient evidence to contradict their testimony to this effect. From observing the witnesses as they testified on the stand and from an examination of the content of the testimony of all the witnesses, I am unconvinced that the defendants made their statements to the F.B.I. men unknowingly, unintentionally and involuntarily. Neither can I find any support in the evidence that confes-

sions were made by the defendants because of promises of leniency by federal and local agents. I am unconvinced that the defendants came before me in open court and entered their pleas of guilty under the cloak of ignorance, misunderstanding and unwillingness.

From all the appearances of the defendants before me, and from their testimony and demeanor at these times, I find no credence in their present contention that they pleaded guilty before me because they thought they had to do so after making their statements before the law enforcement officers and because they thought their attorney desired them to do so. I have examined further their assertion that their counsel advised them to plead guilty because, with the evidence which the Government possessed, they would be "cut to ribbons" by the prosecutor if they went to trial. This is not supported by the evidence.

The defendants further contend that the Government has insufficient evidence upon which to convict them and that therefore this is a reason for allowing a change of plea. If the defendants had demonstrated the existence of improper factors which induced either or both of them to enter a plea which they did not want to enter, they would have had grounds for recalling their pleas. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, 1962; Friedman v. United States, supra; United States v. Maroney, 230 F.Supp. 468 (W.D.Pa., 1964).

My concern here is not whether the defendants made an error in choice or a misjudgment of what proof they believed the Government had against them in the pending charge for bank robbery. Oftentimes convictions are had where there is no evidence to convict, but where defendants, from a sense of judgment or conscience or other reasons, submit themselves to criminal justice. The concern of the law under such circumstances is that, as in all other cases, the guilty be punished, but that it be done within the protections provided by the Constitution and the law. Although it does not appear here from the evidence of the defendants that they did not commit the crimes for which they are presently charged, there is no assertion by them that whatever evidence the Government does have is either erroneous or baseless. But this is my lesser concern than that these defendants with one other who was associated with them, came to the law enforcement officers, at the very beginning, of their own volition and after they had been properly warned and cautioned, each separately made statements of guilt in the participation of the bank robbery; that this attitude as expressed in their statements continued for many months after the statements were made and after each of the three had entered pleas of guilty in open court under cautioning; that one of these had already been sentenced and sent for study; that eventually all three had been brought together in the Allegheny County Jail for the purpose of testifying against two others who had been named as accomplices, and each of the three defendants in turn chose not to testify and assumed the Constitutional protection against incriminating himself; that this was done with such a similitude of concerted action as to indicate plan and conformance by all three; and that thereafter, each of the three defendants presented motions for change of plea from guilty to not guilty.

I do not say that the defendants do not have rights to move to change their pleas. I merely enumerate the sequence of events as an indication for which I believe the reasons to be why motions for change of pleas were made, and as such being the more convincing than all the reasons given by the two defendants here.

The Constitutional provisions, which the defendants claim were violated, are foundation rocks of public policy; however, they do not command the abandonment of public safety. Neither do they require an arbitrary interpretation under all circumstances so as to provide a one-sided view or a one-

sided interpretation against protective law and order. All that the courts are required to do is to make certain that those accused of crime have been clothed with Constitutional protections, and once that has been done, that the law be permitted to continue to act by due process.

 The defendants Ptomey and Young were here given constitutional protection throughout, and while they had made statements of confessions, these were not relied upon for convictions. The acts of the defendants themselves by their pleas of guilty were the convictions against them. The imposition of the sentence was the only judicial act remaining. Machibroda v. United States, supra; Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009, 1927. Now the defendants seek, in effect, a reversal of their convictions. But like any other convictions they should not be set aside unless there is legal reason to do so. It is as our Court of Appeals stated in Hudgins v. United States, 340 F.2d 391, C.A.3, 1965,

> "This is because a plea of guilty stands as a plea to the indictment and 'is itself a conviction.' Kercheval v. United States [274 U.S. 220, at 223, 47 S.Ct. 582, at 583, 71 L.Ed. 1009 (1927)]; Gawantka v. United States, 327 F.2d 129 (3 Cir. [1964]), cert. denied, 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964); United States v. Williams, 212 F.2d 786 (7 Cir., 1954); United States v. Gallagher, 183 F.2d 342 (3 Cir. 1950), cert. denied, 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659 (1951)."

While when given within constitutional protection, a plea of guilty is admissible in evidence against a defendant to support a conviction against him, confessions were not here used as evidence against these defendants. Their convictions were founded on their pleas of guilty as presented in open court in the presence of their attorney, and after they had been properly advised, cautioned and questioned as to their understanding of their actions which they were about to take and of the voluntariness of such actions.

It was, therefore, incumbent upon the defendants in support of their motions for the withdrawal of their pleas of guilty to present lawful reasons. I have examined very carefully all that has been here presented, and I am unable to find any facts or legal reasons which would support the defendants' motion.

What I presently search for is any undue influence or illegal processes by which the defendants may have been induced or unknowingly persuaded into an involuntary submission of entering a plea of guilty before me in open court. If such evidence appears, I may well be persuaded that such undue influence amounted to violations of the defendants' constitutional protections. It was, therefore, incumbent upon me not only to grant hearings upon the motions as presented by them but to searchingly inquire for credible evidence of such possible constitutional infringements.

I am not convinced that any unlawful or illegal violation of the Constitution has been here involved. I am not convinced that the defendants' pleas of guilty were not entered basically and fairly. Both defendants were represented by able counsel. Each defendant was asked a series of questions by the United States Attorney and myself which elicited answers from the defendants showing their pleas were entered understandingly and with the information and advice of counsel, and with full knowledge of the maximum penalty which could be imposed by the sentencing court.

 I am convinced that the defendants acted voluntarily without any influences or inducements or promises and without any fear or coercion. Under these circumstances I cannot fairly and reasonably allow the defendants' motion to withdraw their respective pleas of guilty. It will, accordingly, be denied.