UNITED STATES of America

v.

Charles H. PTOMEY and Edward L. Young, Appellants.

Nos. 15611, 15612.

United States Court of Appeals Third Circuit.

Argued June 16, 1966.

Decided Sept. 20, 1966.

H. David Rothman, Pittsburgh, Pa., for appellants.

Stanley W. Greenfield, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before GANEY and SMITH, Circuit Judges, and KIRKPATRICK, District Judge.

OPINION OF THE COURT

KIRKPATRICK, District Judge.

These two appellants, indicted in the District Court for robbery of a bank, entered pleas of not guilty, at first, but on October 1, 1964, withdrew their pleas of not guilty and pleaded guilty. They were at that time represented and advised by J. J. Cohen, Esquire, a lawyer whose competency and long experience in criminal practice are not disputed. A motion

under Rule 32(d) to withdraw their pleas of guilty was filed by their attorney December 31, was heard by the court on January 6, 1965, and was denied on the same day. At the hearing, they advanced nothing either by way of evidence or argument in support of their motion, except that Young gave testimony which amounted to no more than a general denial that he was guilty of the offense charged.

They then changed lawyers and tried again. After a hearing on March 5 before a different judge, their second motion was, on June 4, also denied, 244 F. Supp. 464. On June 30 they were both sentenced to prison terms. From the judgment of the court on the guilty pleas, they have taken this appeal.

■■ The case comes here over well travelled ground. This court has had occasion to pass upon appeals involving points similar to those now presented upon at least four occasions. See United States v. Colonna, 3 Cir., 142 F.2d 210; Gawantka v. United States, 3 Cir., 327 F.2d 129; Hudgins v. United States, 3 Cir., 340 F.2d 391; United States v. Washington, 3 Cir., 341 F.2d 277. The applicable principles of law are well settled. A plea of guilty is a waiver of all nonjurisdictional defects and defenses and constitutes an admission of guilt. Conviction and sentence following a plea of guilty are based solely and entirely upon the plea and not upon any evidence which may have been acquired by the prosecuting authorities. The plea in itself is a conviction upon which sentence may be imposed without further action of the court.

■■ The withdrawal of a plea of guilty is not a matter of right. A motion for leave to withdraw a plea of guilty and substitute a plea of not guilty is addressed to the sound discretion of the court and should be denied if the defendant knew and understood what was being done and there were not present any circumstances of force, mistake, misapprehension, fear, inadvertence or ignorance of his rights and understand-

ing of the consequences of his plea. United States v. Colonna, supra.

The trial judge painstakingly reviewed the testimony and searched the record before him to see whether there was anything which would indicate that the defendants were misled or coerced or that their pleas were not freely and understandingly entered and found nothing. We find nothing.

■ The appellants' entire case boils down to one small point. After they were arrested and before their arraignment, they both gave written statements to the police and to agents of the F.B.I. confessing their part in the robbery. Their point now is that, in the conferences which they had with their attorney at which he advised them that their best course was to plead guilty, he did not tell them that they were entitled to contest, at a trial, the admissibility in evidence of the statements which they had given. They fortify their argument on this point by a quotation from United States v. Roland, 318 F.2d 406 (Fourth Circuit), to the effect that motions under Rule 32, if made before judgment and the imposition of sentence—the motion in this case was— should be allowed with great liberality as of course, or almost so. In most of the cases dealing with the question, the motion was made after sentence, but in the Colonna case, supra, it was made before. At any rate, no court has suggested that the fact that the 32(d) motion was made before sentence deprives the court of discretion to deny the motion where there is no shadow of any reasonable ground therefor. We have seldom had presented to us an appeal having less to support it than the present one. We need not consider whether there would be ground for allowing the withdrawal of a plea if the attorney had misunderstood the law and had advised his clients to plead guilty because of a statement which could have been shown to be inadmissible. In the present case, whether the statements were admissible or inadmissible, the attorney did not consider them when he advised a plea of guilty but based his

advice on "the circumstances entirely apart and independent of the confession." There is nothing to show that the advice which the attorney gave the appellants was not entirely sound.

The judgment of the District Court will be affirmed.