Thomas **HUGHES**, Jr., Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18494.

United States Court of Appeals
Eighth Circuit.

Feb. 7, 1967.

Harry Roth, St. Louis, Mo., filed brief and argued for appellant.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee; Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., was with Mr. Martin on the brief.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by the defendant Hughes from his conviction upon a plea of guilty to Count One of an indictment charging him with carrying heroin from Dallas, Texas, to St. Louis, Missouri, in violation of 26 U.S.C.A. § 4724(b) and the resulting ten-year imprisonment sentence imposed. As grounds for reversal, defendant urges the trial court committed prejudicial error in the following respects: (1) Denial of his motion to suppress evidence (seized heroin). (2) Denial of his request to withdraw his plea of guilty.

We hold that the court did not abuse its discretion or commit error in denying defendant's request to withdraw his guilty plea, and his conviction based upon his guilty plea must be affirmed.

■ In Smith v. United States, 8 Cir., 359 F.2d 481, we considered the law applicable to withdrawal of a plea of guilty. We approvingly quoted from Everett v. United States, 119 U.S.App.D.C. 60, 336 F.2d 979, 983, as follows:

"'Overwhelming authority holds, as has this court, that withdrawal of a guilty plea before sentencing is not an absolute right but a decision within the sound discretion of the trial court which will be reversed by an appellate court only for an abuse of that discretion.'"

We upheld the trial court's refusal to permit an appeal in forma pauperis from the court's order refusing permission to withdraw the guilty plea, stating that the proposed appeal was frivolous and without merit.

■ United States v. Ptomey, 3 Cir., 366 F.2d 759, concisely states the appropriate test that should govern in our present case as follows:

"The withdrawal of a plea of guilty is not a matter of right. A motion for leave to withdraw a plea of guilty and substitute a plea of not guilty is addressed to the sound discretion of the court and should be denied if the defendant knew and understood what was being done and there were not present any circumstances of force, mistake, misapprehension, fear, inadvertence or ignorance of his rights and understanding of the consequences of his plea." 366 F.2d 759, 760.

The defendant after his arrest expressed a desire to be represented by a Las Vegas attorney who had represented him on a prior criminal charge. When it became apparent that such representation would not be forthcoming, the court appointed counsel to represent the defendant. Such counsel filed a motion to suppress as evidence the seized heroin. After an evidentiary hearing, such motion was overruled.

Thereafter defendant retained Mr. Roth to represent him and at the defendant's request, the court-appointed counsel was discharged. Mr. Roth served as retained counsel of defendant's choice in the trial court and upon appeal is serving as court-appointed counsel.

When this case was reached for trial pursuant to assignment on July 5, 1966, defendant in the presence of his counsel advised the court that he desired to withdraw his plea of not guilty and enter a plea of guilty. The court advised the defendant on the nature of the charge and the possible penalties, and as a result of interrogation ascertained that the

defendant admitted he committed the crime charged; that he understood the consequences; that his plea was not induced by any threats or promises, and was voluntarily and intelligently made. The court then accepted the guilty plea and deferred sentencing, awaiting a probation report. Count Two of the indictment was then dismissed at the request of the Government.

Defendant, when he appeared before the court for sentence on July 18, 1966, asked leave to withdraw his guilty plea. He stated that he had heard that his Las Vegas attorney had come to St. Louis to see him and that he was not permitted to do so. Inquiries by the court developed that the Las Vegas attorney had not contacted the court, the United States Attorney, or Mr. Roth while in St. Louis. There is no record disclosure of steps taken by such attorney to gain permission to see the defendant. Upon oral argument, Mr. Roth advised this court that the Las Vegas attorney had told him that he had no intention at any time of representing the defendant in this case but had tried to see defendant in connection with an appeal he was handling for the defendant from a Las Vegas narcotics conviction.

Mr. Roth, before sentence was imposed, told the court that he had after considering all the facts and circumstances advised defendant to plead guilty and that defendant had done so reluctantly, but that the defendant now desired to have a trial with representation by his Las Vegas attorney. Mr. Roth also stated, "Whether he is right or wrong he has a right to be heard by a jury of his peers if he so desires. I hope I would not defend him at that time because I do not believe that he is innocent. However, the fact that he admitted that he took the narcotics and that he transported them does not weigh too heavily against him, because I think he would admit that again." He then referred to defendant's contention that the evidence should be suppressed, to which the court responded that such question had been fully considered and decided. No claim was made by the defendant that he was not guilty of the crime to which he had pleaded guilty.

■ A careful examination of the entire record firmly convinces us that the trial court did not abuse its discretion in refusing to permit the defendant to withdraw his plea of guilty.

■ The effect of a voluntary plea of guilty is well-summarized in United States v. Ptomey, supra, where it is said:

"A plea of guilty is a waiver of all nonjurisdictional defects and defenses and constitutes an admission of guilt. Conviction and sentence following a plea of guilty are based solely and entirely upon the plea and not upon any evidence which may have been acquired by the prosecuting authorities." 366 F.2d 759, 760.

To like effect, see United States ex rel. Pizarro v. Fay, 2 Cir., 353 F.2d 726; Davis v. United States, 9 Cir., 347 F.2d 374; Harris v. United States, 8 Cir., 237 F.2d 274.

■ Courts have specifically held that a plea of guilty precludes consideration of a search and seizure issue. Benton v. United States, 9 Cir., 352 F.2d 59; Alexander v. United States, 5 Cir., 290 F.2d 252.

In our present case, defendant by his voluntary plea of guilty entered after full consultation with competent counsel of his own choice admitted all the essential elements of the offense charged and waived all nonjurisdictional defects and defenses. The plea of guilty established his guilt of the offenses charged. No proof of defendant's guilt by use of the seized evidence or any other evidence was required. Inasmuch as defendant's conviction is in no way based upon the use of the seized evidence, the court's ruling upon the motion to suppress has no bearing whatsover upon the validity of defendant's conviction. Thus no purpose will be served in passing upon such issue.

The judgment of conviction is affirmed.