**Edward L. YOUNG, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17268.**

United States Court of Appeals
Third Circuit.

Argued Nov. 4, 1968.

Decided Dec. 30, 1968.

Joseph A. Steedle, Ryan & Bowser, Pittsburgh, Pa., for appellant.

Stanley W. Greenfield, First Asst. U. S. Atty., Pittsburgh, Pa., for appellee (Gustave Diamond, U. S. Atty., Pittsburgh, Pa., on the brief).

Before KALODNER, FORMAN and STAHL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from an Order of the United States District Court for the Western District of Pennsylvania, denying without a hearing appellant Young's motion under 28 U.S.C. § 2255 to vacate or set aside his sentence.

Young and a co-defendant, Charles Ptomey, entered pleas of guilty to a federal bank robbery indictment on October 1, 1964. Prior to sentence they made

two attempts to withdraw their pleas. Both were denied by the District Court after hearing. In denying the second motion, the District Court found that the guilty pleas of Young and Ptomey were "entered understandingly and with the information and advice of counsel, and with full knowledge of the maximum penalty which could be imposed by the sentencing court," and that they "acted voluntarily without any influences or inducements or promises and without any fear or coercion." 244 F.Supp. 464, 468 (W.D.Pa.1965). In affirming at 366 F. 2d 759 (1966) we stated (p. 760):

"The trial judge painstakingly reviewed the testimony and searched the record before him to see whether there was anything which would indicate that the defendants were misled or coerced or that their pleas were not freely and understandingly entered and found nothing. *We find nothing.*" (emphasis supplied)

■■ The instant motion raises no contentions as to the voluntariness of Young's guilty plea that are not foreclosed by our prior opinion. Moreover, as we there stated, such a plea is a waiver of all non-jurisdictional defects and defenses. Therefore, since the voluntariness of Young's plea remains unimpeached, his contentions as to the preplea conduct of his counsel and federal agents are of no consequence.

■■ Young complains that the conduct of his counsel at the hearing of his first motion to withdraw his plea deprived him of his right to effective counsel. His complaint is two-fold: (1) his attorney also represented the codefendant Ptomey without requesting or obtaining Young's permission to do so; and (2) his attorney cross-examined him as to the voluntariness of his plea and made "self-serving" statements as to the advice he had given him. However, accepting as true all of Young's allegations except those that are purely conclusory, he is not entitled to relief. Moreover, even assuming that Young was denied his right to effective counsel at the first

hearing, any such error was cured when Young was represented by other counsel at the hearing on his second motion to withdraw his plea.

The Order of the District Court will be affirmed.