Commonwealth *v.* Stephenson, Appellant.

Submitted November 21, 1968.   Before BELL, C. J., JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harold Stephenson*, appellant, in propria persona.

*Edward G. Rendell* and *James D. Crawford*, Assistant District Attorneys, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Roberts, January 15, 1969:

Appellant pleaded guilty to murder generally in 1966 and was found guilty of murder in the second degree. In 1967 appellant filed a petition under the Post Conviction Hearing Act alleging that his guilty plea was not knowingly and intelligently entered. After a hearing appellant's petition was denied and appellant took this appeal.

Appellant filed his brief pro se and the Commonwealth moved that the case be continued to permit the court below to appoint counsel. Appellant opposed both the continuance and the appointment, and accordingly the motion was denied.

While appellant's pro se brief is hardly a model of clarity, it is clear that he primarily is maintaining that his guilty plea was not knowingly and intelligently made. However there was a record examination of appellant at which the judge attempted to ascertain whether appellant understood his plea. Furthermore at appellant's PCHA hearing, trial counsel testified that he and appellant had discussed the plea and their strategy in general and that appellant understood the consequences of the plea. This certainly constitutes sufficient evidence to sustain the finding of the hearing judge.

Appellant also makes vague claims challenging his indictment and arguing that his own counsel introduced statements against appellant's interest. Even if meritorious, since appellant entered a guilty plea, both of these claims are in effect waived. E.g., *Commonwealth v. Garrett*, 425 Pa. 594, 229 A. 2d 922 (1967). If appellant is claiming that the statements introduced came at his degree of guilt hearing, he could not have been prejudiced because he only was found guilty of murder in the second degree.

The order of the Court of Oyer and Terminer of Philadelphia County is affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.