**UNITED STATES of America**

v.

**Leonard YOUNG.**

**No. 69–158 Crim.**

United States District Court
W. D. Pennsylvania.

Oct. 13, 1969.

Gustane Diamond, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for plaintiff.

## OPINION

GOURLEY, Senior District Judge.

In this criminal action, the grand jury on June 18, 1969, returned a true bill on a two-count indictment charging defendant Leonard Young with taking money from the teller of a national bank by force and violence and, in so doing, jeopardizing the life of the teller with a dangerous weapon, in violation of Sections 2113(a) and 2113(d) of Title 18 United States Code respectively. The immediate matter before the Court is a Petition filed by the United States Attorney for a rule to show cause why defendant's withdrawal of his guilty plea should not be disallowed.

Counsel first was appointed for the defendant on June 16, 1969 by the United States Commissioner, but said counsel requested and was permitted to withdraw from representation for the reason that he was an associate of the law firm which generally represents the national bank in question. A substitute appointment was made by this member of the Court, sitting as Miscellaneous Judge, on June 24, 1969.

The defendant, represented by his second court-appointed counsel, was arraigned on July 14, 1969 before the Honorable Edward Dumbauld, who was then sitting as Miscellaneous Judge. He en-

tered a plea of guilty at that time. On September 19, 1969, the defendant, with his counsel, appeared for sentencing before this member of the Court, who was once again sitting as Miscellaneous Judge.

In presenting the circumstances of the offense at the sentencing, the Government offered to the Court as Exhibit #1 a photograph taken by a bank surveillance camera in which defendant is portrayed with his latex-gloved right hand on a teller's cage and with one James O'Dell standing immediately behind him with a revolver in close proximity to and slightly in front of defendant's face.

Following a review of the pre-sentence report and an inquiry made of the defendant by his counsel for the purpose of eliciting facts in mitigation of sentence, this member of the Court inquired of defendant as to whether he had previously pleaded and was then pleading guilty to the charges of the indictment. In reply, defendant took issue with the language of the indictment charging him with force and violence in the commission of the robbery. At that time, a transcription of defendant's arraignment had not been filed of record, and, acting in the absence of the light which such a transcript necessarily would have shed upon defendant's prior plea, this member of the Court directed defendant to change his plea to not guilty if he desired, which he so did upon the indictment. A conference with counsel was then permitted on counsel's request, and, at the conclusion of the same, defendant maintained that he still wished to plead not guilty. The defendant was then returned to custody.

Subsequently, on September 22, 1969, an immediate transcription of defendant's arraignment was ordered, and the transcript was filed with the Court on September 24, 1969. The United States Attorney then filed the instant Petition for a rule to show cause why defendant's request to withdraw his guilty plea should not be disallowed, and a hearing was held upon the same on October 3, 1969.

A review of the transcript of defendant's arraignment has revealed not only that Judge Dumbauld conducted a thorough and most excellent inquiry of defendant at the time of his original plea of guilty but also that the substantially identical issue of force and violence was raised at the arraignment by defendant, whereupon he was afforded a consultation with counsel, and subsequently entered his guilty plea.

While not made aware of it prior to the reading of the transcript of the arraignment, this member of the Court must now conclude that the defendant, by raising the issue of the language pertaining to force and violence in the indictment at sentencing simply was seeking a second review of a question already presented to and implicitly ruled upon by Judge Dumbauld at the arraignment, wherein the plea of guilty was accepted.

 It is rather well established in the Circuit of which this Court is a part that one judge in a multiple complement district court may not reconsider and/or overrule the determination of another judge who has previously acted upon a given issue in a given case, criminal or civil, unless substantially new and different substantive testimony is offered upon the matter previously ruled upon. United States v. Wheeler, 256 F.2d 745 (3d Cir. 1958). At sentencing, defendant raised the same objection which he raised at the arraignment and offered no new testimony in support of it. The allowance of the withdrawal of the plea of guilty was, therefore, improper and must be vacated.

Even if I were now to conclude that reconsideration of the plea of guilty was within my province at the time of sentencing or at the time of the subsequent hearing upon the Petition of the United States Attorney, I am of the opinion that withdrawal of the guilty plea should not be allowed.

 Defendant acknowledged at his arraignment that he was pleading guilty to the two counts of the indictment because he was guilty. When asked at the

sentencing if he had so plead, defendant raised an objection to the language of the indictment charging him with exercising force and violence in the process of taking money from the national bank in question. But neither defendant nor his counsel then contended that he had not acted in concert with the man next to him. As a matter of law, the use of the revolver is imputed to defendant by virtue of his having acted in concert to commit the robbery. See Baker v. United States, 412 F.2d 1069 (5th Cir. 1969). And, also as a matter of law, the pointing of the revolver, loaded or unloaded, constituted both force and violence under 18 U.S.C. § 2113(a) and jeopardizing the life of a person under 18 U.S.C. § 2113(d) cf. Baker v. United States, supra. Defendant's objection at the sentencing was therefore legally immaterial and provided no reasonable basis for the withdrawal of his guilty plea.

■■ Undaunted by the insubstantiality of defendant's assertions at his plea and sentencing, defendant's counsel sought a third occasion to buttress defendant's position at the subsequent hearing upon the Petition of the United States Attorney. At that hearing, counsel for the first time offered a theory of defense, which denied concert between the two men, and alleged new facts to support it. As new facts, it is alleged that during custody prior to court arraignment agents of the Federal Bureau of Investigation recommended to defendant that he remain quiet about a narcotics addiction which he now incorporates as part of a rather detailed and highly implausible explanation of his purpose for entering the bank.

But, in flat contradiction to the newly asserted theory and facts are defendant's own prior spontaneous utterances, at his arraignment, that he plead guilty because he was guilty and, at his sentencing, that his only objection, already once considered, was to the language of force and violence in the indictment. Even disregarding prior contradictions, the new facts alleged do not justify withdrawal of the guilty plea for I conclude

that the plea, entered after consultation with counsel both before and during this arraignment, was made upon consideration wholly independent of any representations by agents of the Federal Bureau of Investigation. Apposite in this regard is the case of United States v. Ptomey, 366 F.2d 759 (3d Cir. 1966). Like the defendant in the *Ptomey* case, *supra,* the defendant herein has failed to demonstrate that he labored under any misapprehension as to either fact or law upon the entry of his guilty plea. And, as stated in the *Ptomey* case, *supra,* at 760, although the withdrawal of a plea of guilty is to be allowed with some liberality, it need not be allowed where no shadow of a reasonable ground exists therefor.

The ruling of this member of the Court permitting the withdrawal of the guilty plea at defendant's original sentencing hearing has since appeared improper. An appropriate order vacating said ruling was entered at the hearing upon the United States Attorney's Petition, and judgment of sentence was imposed immediately thereafter.