**1202**

UNITED STATES of America ex rel.
Harold STEPHENSON

v.

Joseph MAZURKIEWICZ.

Misc. No. 69–41.

United States District Court,
E. D. Pennsylvania.

April 29, 1970.

Helen Stern, Philadelphia, Pa., for plaintiff.

Joseph Musto, Ass't. Dist. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

MASTERSON, District Judge.

In this habeas corpus petition, relator asserts the following grounds for relief:

(1) that the indictment in his case was void;

(2) that an illegally obtained confession was used against him;

(3) that relator, after pleading guilty to murder generally, did not receive a fair hearing on the degree of guilt;

(4) that relator's plea of guilty was not understandingly made; and

(5) that relator was denied effective assistance of counsel.

On October 4, 1966, relator pled guilty to murder generally before a three-judge panel and a hearing was held to determine the degree of guilt. The three judges found him guilty of murder in the second degree and sentenced him to ten to twenty years imprisonment. Relator attacked his conviction in the state courts under the Pennsylvania Post-Conviction Hearing Act alleging that he was denied his right to appeal. This petition was denied on March 28, 1967. Relator filed a second petition in the state courts in October, 1967. In this petition he raised substantially the same contentions as those before this Court. An evidentiary hearing was held on December 15, 1967, and the relator's petition was denied. On appeal to the Supreme Court of Pennsylvania, the denial was affirmed on January 15, 1969, in an opinion by Justice Roberts. Commonwealth v. Stephenson, 433 Pa. 167, 248 A.2d 834 (1969). Relator then filed his petition before this Court. In an excess of caution we appointed counsel and held a hearing on September 26, 1969. Upon examination of the entire record in this case, we have decided that relator's petition for a writ of habeas corpus must be denied.

Although relator did not press his first three contentions at our hearing or in his post-trial brief, we will briefly discuss them.

## I. INVALID INDICTMENT

■ Relator contends that his indictment is invalid because "no competent witnesses appeared before the grand jury prior to, or for the purpose of, indicting petitioner". Relator has failed to present any evidence to support this contention. Moreover, defendant has waived any defect in his indictment by virtue of his guilty plea. United States v. Ptomey, 366 F.2d 759 (3d Cir. 1966); Commonwealth v. Garrett, 425 Pa. 594, 229 A.2d 922 (1967).

## II. ILLEGAL CONFESSION

■ Relator contends that his constitutional rights were violated when defense counsel, Lester Schaffer and C. J. Margiotti, Jr., introduced on relator's behalf an illegally obtained confession at the degree of guilt hearing. Defense counsel Schaffer testified at our hearing that the statement was introduced for relator's benefit because it contained certain facts which would tend to reduce the degree of murder from first to second. (Notes of Testimony, Federal Habeas Corpus Hearing, pp. 9–10). Since the confession was not used against relator, but rather for his benefit, there had been no violation of his constitutional rights. Even if there were a violation, however, relator's guilty plea would operate as a waiver of this non-jurisdictional defect. United States v. Ptomey, *supra;* Commonwealth v. Garrett, *supra.*

## III. FAIR HEARING

■ Relator contends that he did not receive a fair determination of degree of guilt because (a) the elements of second degree murder were not present and (b) the judges did not deliberate and vote before their decision, but rather one judge merely announced the decision for all. This contention is without merit. The elements of second degree murder were clearly present in relator's case and, although the record does not reflect that the panel actually recessed to deliberate and vote at the conclusion of the case, it is clear from the record that the decision was that of the panel's as a whole.[1] Moreoever, it should be noted

1. Defense counsel Schaffer testified at our hearing that it is his recollection that the panel did recess and deliberated for a half hour. (Notes of Testimony, Federal Habeas Corpus Hearing, pp. 16–17).

that counsel for the relator did not object to any failure of the judges to recess to deliberate and vote.

### IV. UNLAWFUL GUILTY PLEA

Relator asserts that his guilty plea was unlawful because he did not fully understand the elements of the crime charged, the circumstances in mitigation thereof, defenses, range of punishment and, in short, "the law in relation to the facts". This argument is primarily based on relator's low IQ and his testimony at our hearing that he did not know that there are some killings which do not constitute murder. In addition, it is argued that although there was an on-the-record inquiry as to whether relator voluntarily and understandingly pled guilty, the court failed to inquire precisely into whether relator understood the nature of the crime and defenses thereto. The apparent theory of the relator is that if he knew that he might have received voluntary manslaughter on the facts of his case, he would never have pled guilty to murder.

■■ We find that relator's plea was understandingly made. The above-mentioned on-the-record inquiry by the trial court places the burden of proof in this case on the relator. United States of America ex rel. McCloud v. Rundle, 402 F.2d 853 (3d Cir. 1968). In our opinion, relator has failed to meet that burden. The record examination and counsel's testimony before us and at the PCHA hearing that he discussed the plea with relator and felt morally certain that relator understood what he was doing is sufficient evidence to sustain the plea.

### V. INEFFECTIVE ASSISTANCE OF COUNSEL

Relator lastly asserts that he was denied effective assistance of counsel in that counsel were ill-prepared and offered into evidence at the degree of guilt hearing the illegally obtained confession referred to above in Part II of this opinion. This contention is without merit.

■■■ In order to find that a defendant was denied effective assistance of counsel, we must find that counsel's representation amounted to a farce or mockery of justice. United States ex rel. Bolden v. Rundle, 300 F.Supp. 107 (E.D.Pa.1969). We find that counsel's conduct here not only did not result in a farce or mockery of justice but indeed was praiseworthy. Both counsel were highly qualified attorneys and Mr. Schaffer in particular has specialized in the area of criminal law. Counsel were faced with the possibility of a death sentence in this case if they pled not guilty and went before a jury. Hence, they made the tactical decision to concentrate their efforts on avoiding the death sentence by pleading guilty to murder generally and by having a degree of guilt hearing before a three-judge panel. This decision was reasonable and we refuse to second guess it. Moreover, the assertion that counsel were unprepared is not supported on the record. In fact, the record reveals that counsel were well-prepared and in fact succeeded in securing for the relator a relatively lenient sentence given the nature of the crime. In addition, the fact that counsel admitted on relator's behalf a constitutionally inadmissible confession cannot be considered ineffective assistance in light of the purpose for which it was used—to offset a finding of first degree murder (see Illegal Confession, *supra*, Part II). It appears to this Court that the decision to use the confession was indeed wise.

On the basis of the entire record before us we cannot find that relator was deprived of the effective assistance of counsel.

The Court extends its thanks to Helen Stern, Esq., who without compensation ably represented the relator in this matter.

## ORDER

And now, this 29th day of April, 1970, it is ordered that relator's petition for a writ of habeas corpus be and the same is hereby denied.

There is no probable cause for appeal.