**UNITED STATES ex rel. Walter
J. ROUGHT**

v.

**Alfred T. RUNDLE, Supt.**

**No. M 69–459.**

United States District Court,
E. D. Pennsylvania.

June 5, 1970.

Walter J. Rought, pro se.

William Butler, 4th Asst. Dist. Atty.,
West Chester, Pa., for respondent.

## OPINION AND ORDER

HIGGINBOTHAM, District Judge.

For reasons to be elaborated I shall deny relator's petition for writ of habeas corpus. Relator, who is presently incarcerated at the State Correctional Institution at Graterford, was indicted in the Quarter Sessions Court of Chester County, Pennsylvania on bill numbers 298, 298A, 393, 393A, 394C, 394D, 394E, 395C, 395D, 395E, 396C, 396D, 396E, 397C, 397D, 397E, 398C, 398D, 398E, 399C, 399D, 399E (September Term, 1965), charging burglary and larceny of kitchen cabinets, fixtures, panelling, etc. After a plea of guilty he was sentenced on January 28, 1966, and took no appeal.

Relator pursued state Post-Conviction Hearing Act remedies right up to the Pennsylvania Supreme Court and was denied the relief he sought. Among other grounds asserted in the State Court proceedings relator attacked his guilty pleas, claiming that they were motivated by the existence of a coerced confession and/or were not voluntary because his counsel forced him to plead guilty.

A Post-Conviction hearing, the transcript of which runs to 109 pages, was held on October 10, 1968. At that time the relator, P. Richard Klein, his counsel at the time of his guilty plea, and Edward Bonk, the State Trooper who investigated the offenses, all testified.

In his opinion filed after the evidentiary hearing, Judge Kurtz stated: "We believe that the confession was not coerced," and he noted that the "confession was not offered in evidence at the time [relator] entered his pleas of guilty."

Rought had pleaded guilty before Judge Kurtz on January 28, 1966. So far as the 28-page record reveals Rought himself did not say a single word; nor was he asked any questions. Rather, the Assistant District Attorney stated that "Rought is pleading guilty to various burglary and larceny charges, these offenses having occurred in August and September and October throughout Chester County." Rought and his attorney signed and dated the several indictment bills which bore the following inscription:

"The defendant having been advised of the offense charged in the bill of indictment and of his rights, hereby (in Open Court) waives action by the Grand Jury and consents to proceed on the within bill of indictment presented by the District Attorney."

They further signed and dated the following statements:

"And now 1–28–66 the defendant being arraigned pleads (guilty) ~~(not guilty)~~."

Judge Kurtz conducted the later PC HA hearing as if petitioner had the burden of proof on the issue of the voluntariness of his plea. The United States Court of Appeals for the Third Circuit however has held that: "In the absence of an adequate record at arraignment as to the factual basis on which the plea was entered, it becomes necessary to examine thoroughly the 'totality of circumstances' on a case by case basis, *with the Commonwealth having the burden of proof on the issue.*" United States ex rel. Crosby v. Brierley, 404 F.2d 790, at 796 (CCA 3, 1968). (Emphasis added.) And see: United States ex rel. McCloud v. Rundle, 402 F.2d 853 (CCA 3, 1968).

■ Placing the burden of proof on the Commonwealth as to the voluntariness of relator's guilty pleas I have made a complete review of the entire State Court record, including commitment papers, arrest and search warrants, criminal complaints, bills of indictment, notes of testimony of the arraignment, notes of testimony of the Post-Conviction hearing, petitions, orders, and Judge Kurtz's opinion. From my review of the entire State Court record I find that there is no need to conduct an independent evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. Rowles v. Myers, 407 F.2d 1332 (CCA 3, 1969);[1] and with the Commonwealth having the burden of proof under the "totality of circumstances" I still find that relator's guilty pleas were voluntarily and knowingly entered and were entirely lawful.

A few excerpts from the transcript of the Post-Conviction hearing reveal the nature of relator's claim as to the voluntariness of his guilty pleas. First Mr. Lentz, relator's PCHA attorney, is questioning relator on direct examination:

"Q: * * * you have alleged, among other things, that your plea of guilty was unlawfully induced, is that correct?

"A: That is correct.

"Q: Would you tell the court what the basis of that allegation is.

"A: From statements made by the Pennsylvania State Police, Mr. Bonk, and the arresting officers of the Paoli Police Department, they informed me upon my apprehension of being taken to the Paoli Police Station that if I didn't plead, why, my wife was going away, and they were going to take the three children from her.

"Q: Specifically who told you that?

"A: The arresting officer and Mr. Bonk."

(pp. 8 and 9.)

In rebuttal the Commonwealth first called P. Richard Klein, relator's trial attorney, and then State Trooper Edward Bonk. On direct examination, Mr. Klein testified as follows:

"Q: Did he tell you that he gave a confession because they had told him his wife was going away?

"A: No.

"Q: Or that his children were going to be taken away?

"A: This morning is the first indication I have had that this—that this had been told to him.

* * * * * *

"The Court: Mr. Klein, when, if at all —it must have been some time—when was the decision to plead guilty made, so far as you can recall?

"The Witness: So far as I can recall, it was made at the initial conference, that this was what *he intended to do,* what he would do." (Emphasis added.)

1. And see McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, 1970, where the United States Supreme Court held "that a defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus."

(pp. 59 and 60.)

On direct examination, State Trooper Bonk also denied relator's story:

"Q: Did you tell him that morning at the Tredyffrin police station that unless he cooperated his wife was going away?

"A: Positively not.

"Q: That you would take his children away from the wife?

"A: Positively not. I didn't even know he had children."

(p. 82.)

In his petition for writ of habeas corpus, relator lists the following grounds in support of his allegation that he is being unlawfully held in custody:

(1) Arrest without probable cause;

(2) No hearing on the charge for which he was arrested;

(3) Denial at police station of request for lawyer;

(4) Turning over to another Police Department on basis of information gotten from arrest without probable cause;

(5) Failure of his court-appointed attorney to

(a) be present at arraignment;

(b) investigate arrest and following procedures;

(c) see that information was presented to proper term of Grand Jury;

(d) explain procedure of signing indictments and that this was pleading guilty.

(6) Failure of Court to

(a) inquire as to guilty plea;

(b) ask petitioner if he was entering plea;

(c) have indictments signed in open court;

(d) hold arraignment.

While relator has not directly raised the issue of the voluntariness of his guilty pleas in this habeas corpus action, I have nevertheless gone into the matter of the voluntariness of his guilty pleas in considerable detail and am entirely satisfied that they were voluntarily and knowingly entered.[2]

Here we do *not* have the impediment to a voluntary and knowing plea of guilty discussed in the May 4, 1970 Supreme Court opinion, McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441. For based on my review of the entire State Court record, I find that relator had the effective assistance of competent counsel at the time of entering his guilty pleas.

It is settled law that "a plea of guilty is a waiver of all non jurisdictional defects and defenses and constitutes an admission of guilt." United States v. Ptomey, 366 F.2d 759 (CCA 3, 1966), at p. 760. And see: Young v. United States, 405 F.2d 125 (CCA 3, 1968). Therefore, since I find relator's pleas to have been voluntary and lawful, his other contentions are of no consequence here.

Accordingly, relator's petition for writ of habeas corpus must be denied.

It is so ordered.

When there has been a final disposition of the matter, the Clerk of this Court is directed to return to the Clerk of the Court of Quarter Sessions, Chester County, all records and transcripts in the

2. I have found that under the "totality of circumstances" the Commonwealth has met its burden of proof on the issue of the voluntariness of relator's plea. (See above p. 3.) If relator is relying on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) which held: "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an af-

firmative *showing that it was intelligent and voluntary * * *"* such reliance is misplaced in light of United States ex rel. Hughes v. Rundle, 419 F.2d 116, 118 (CCA 3, 1969). In that case, the United States Court of Appeals for the Third Circuit held that "the doctrine enunciated in *Boykin* should not be applied retroactively here."

state proceedings against relator which are received and docketed in this Court.

Thus, if no appeals are timely taken, the records and transcripts will be forwarded after termination of appeal time; if appeals are taken, the records will be returned after the matter has been ultimately adjudicated within the federal court system.