

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2009

# USA v. Terpack

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1329

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"USA v. Terpack" (2009). *2009 Decisions.* Paper 1759.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1759

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1329

UNITED STATES OF AMERICA

v.

WALTER M. TERPACK,
                                                    Appellant.

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 05-cr-00877)
District Judge:  Hon. Dennis M. Cavanaugh

Submitted under Third Circuit LAR 34.1(a)
on June 26, 2008

Before:   SLOVITER, BARRY and ROTH, <u>Circuit Judge</u>

(Opinion filed: March 11, 2009)

O P I N I O N

**ROTH**, <u>Circuit Judge</u>:

Walter Terpack appeals from a final judgment of conviction and sentence entered

by the District Court on two counts of sexual exploitation of minors, in violation of 18

U.S.C. § § 2252A(a)(2)(B) and 2252A(a)(5)(B). Terpack's court-appointed counsel believed that any appeal was frivolous. He filed an *Anders* brief and moved to withdraw as counsel for Terpack. *See Anders v. California*, 386 U.S. 738 (1967). The Court, however, determined that because Terpack entered a guilty plea to possession of images of child pornography under 18 U.S.C. § 2252A(a)(5)(B) and to the lesser included offense of receipt of the same images under 18 U.S.C. § 2252A(a)(2), the entry of separate convictions for the same offense contravened the double jeopardy clause. *See United States v. Miller*, 527 F.3d 54, 58 (3d Cir. 2008). Because the double jeopardy concern is apparent on the face of the indictment and from the record below, *see United States v. Pollen*, 978 F.2d 78, 84 (3d Cir. 1992), both Terpack and the government have agreed that the sentence imposed should be vacated and the case remanded for resentencing.

As for the judgment of conviction, we conclude that Terpack's counsel did comply with *Anders* as he conscientiously examined the record and determined that there were no non-frivolous issues for review. *See Anders* at 744. Further, he identified any "issue[s] arguably supporting the appeal even though the appeal was wholly frivolous," *Smith v. Robbins*, 528 U.S. 259, 282, 285 (2000), and he "explain[ed] . . . why the issues [were] frivolous", *United States v. Marvin*, 211 F.3d 778, 780-81 (3d Cir. 2000).

On January 14, 2005, Terpack consented to a search of his apartment by Bureau of Immigration and Customs Enforcement agents. The agents, conducting an investigation into child exploitation, found approximately 20 videos and 60 still images of child

2

pornography on Terpack's computer. Terpack waived his *Miranda* rights and admitted using his computer to receive and distribute child pornography.

On May 31, 2006, without having entered into a formal plea agreement with the government, Terpack pled guilty. His offense level of 35 was calculated by the Probation Office in its formulation of his Presentence Investigation Report (PSR). On January 22, 2007, the District Court, finding that Terpack's offense level overstated the seriousness of his offenses, granted him a 43-month downward departure. Terpack's final sentence was 125 months on Count One and 120 months on Count Two, to be served concurrently. Terpak's counsel appealed.

Terpack was provided with counsel's *Anders* brief and filed a *pro se* brief. Terpack's first claim involves his sentencing and we will not consider it because the case will be remanded for resentencing. We will leave it to the District Court to determine what is to be considered at resentencing.

Terpack's second claim is that his consent to the search of his apartment was elicited under false pretenses.[1] However, Terpack waived his right to raise this challenge by pleading guilty. *See United States v. Ptomey*, 366 F.2d 759, 760 (3d Cir. 1966) ("A plea of guilty is a waiver of all nonjurisdictional defects and defenses and constitutes an admission of guilt.").

---

[1] Terpack asserts that he never invited the agents in to search, but rather that he allowed them in because they told him that there were two missing, abducted children and that they were possibly in his apartment.

## III. Conclusion

For the foregoing reasons, the District Court's judgment of conviction will be affirmed, the judgment of sentence is vacated and the case remanded to the District Court for resentencing. Counsel's *Anders* motion to withdraw will be denied pending resentencing.