George ELLIS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 13781.

United States Court of Appeals Seventh Circuit.

Feb. 25, 1963.

Don H. Reuben, Frederick W. Temple, Chicago, Ill., John E. Angle, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel, for appellant.

James P. O'Brien, U. S. Atty., John Powers Crowley, John Peter Lulinski, Raymond F. Zvetina, Asst. U. S. Attys., of counsel, Chicago, Ill., for appellee.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

George Ellis, petitioner, filed a petition in the district court on November 13, 1961 [stamped "Filed *Jan. 22, 1962*" by the clerk of the court], pursuant to 28 U.S.C.A. § 2255, seeking the vacation of his sentence on a plea of guilty for violating § 4705(a) of the Internal Revenue Code of 1954, as amended by the Narcotics Control Act of 1956, as well as violating § 174, Title 21 United States Code, as amended by said act of 1956.

The petition was prepared by petitioner without legal assistance. It indicates that he is possessed of a meager knowledge of the law and is of limited education. The questions it raises as to his

plea of guilty are stated in the following language:

"Petitioner was advised that if a plea of guilty was entered, whatever the order of sequence was, would start when given.

"Petitioner was promised a short term and that the Federal sentence would run concurrently with the State term.

"Petitioner was defrauded into a plea of guilty.

\* \* \* \* \* \*

" \* \* \* his [sic] was sentenced and entered his plea of guilty without the representation of competent counsel.

\* \* \* \* \* \*

Petitioner was not represented by Counsel of record but by a substitute from the same office. \* \* \* "

At the time of his sentence petitioner was in the custody of the State of Illinois, where he was awaiting trial on a charge of possession of narcotics.

Upon the occasion of the entry of his plea of guilty, his attorney withdrew a plea of not guilty theretofore entered, and the following proceedings occurred:

"The Court: All right. Have you explained to him he has a right to plead not guilt and have a jury or court pass upon your guilt or innocence—? Understanding that you persist in your plea of guilty, is that right?

"(No audible response.)

"Mr. Strouse [government counsel]: I would like to advise the Court this is a 2 count indictment. Count 1 charges sale of approximately 1,020 grains of heroin, in violation of Section 4705(a) of the Internal Revenue Code of 1954.

"Count 2 alleges possession of the same amount of heroin unlawfully imported into the United States, in violation of Section 174, Title 21, United States Code.

"The penalty provided in each count in the indictment is not less than 5 nor more than 20 years and a fine not in excess of $20,000.

"The Court: How many counts?

"Mr. Strouse: Two counts, your Honor.

"The Court: Do you have any comment?

"Mr. Lee [attorney for defendant]: No. He has been so advised and he said that he would prefer to plead guilty before this Court.

\* \* \* \* \* \*

"The Court: Well, I will have to give you 5 years on each count, to run consecutively.

"Mr. Lee: Consecutively? Will the Court reconsider that and have them run concurrently?

"The Court: I beg your pardon?

"Mr. Lee: Will the Court reconsider that and have them run concurrently? He is probably going to get a sentence over there at state court.

"The Court: Is that trial set?

"Mr. Lee: Well, that trial was set for sometime this month. I don't know whether it is the 19th or the 29th, if they can get to trial out there.

"The Court: Well, he is still here. If after that case is disposed of and they have that sentence concurrently—

"Mr. Strouse: He is in state custody now, your Honor.

"The Court: I understand.

"Mr. Lee: Well, may I then at this time make a motion to reduce the sentence, and will this Court continue that motion so that we can see what the state sentence will be?

"The Court: Well, I can't—

"Mr. Lee: Then I may come in and move to have it run concurrently with that. I don't know whether we can do it the other way.

"The Court: Well, it can be done. No, I think I will let that sentence stand because he will still be here

and he will be in time to make your motion, and if he gets another sentence over there, a sentence that would be attached to this sentence, then I will hear you on your motion."

The record does not show that the district court was ever advised of the result of the state court proceeding or was ever requested to review the sentence imposed.

On December 28, 1961, and again on January 31, 1962, petitioner wrote to the chief judge of the district court asking for information concerning the disposition of his § 2255 petition aforesaid.

The government on February 23, 1962 answered the petition to vacate.

On *May 14, 1962,* Judge Richard B. Austin, entered an order denying relief sought by said petition filed under § 2255.

On *May 29, 1962,* the clerk of the court marked "filed" a motion by petitioner for appointment of counsel, subscribed and sworn to by him before a parole officer at Leavenworth penitentiary, where he was incarcerated, on *November 21, 1961.* Said motion for appointment of counsel was denied by Judge Austin by order entered *May 29, 1962.*

On May 31, 1962 Judge Austin gave leave to petitioner to prosecute his appeal as a poor person.

1. Rule 11 of the Rules of Criminal Procedure, 18 U.S.C.A., provides:

"* * * The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. * * *"

■ We have carefully considered the proceedings accompanying the entry of the plea of guilty by defendant and we are convinced that the court accepted the plea without first determining that it was made voluntarily and with an understanding of the nature of the charge. The remarks of the court would have tended to confuse any defendant because

of the perplexing references to the possible effects upon defendant of the state court proceeding in which he had been involved. The obvious limitation of the capacity of the defendant for rationalization called for a simple explanation of all of the elements which might have been relevant to his entering a plea of guilty. The record fails to show that anyone gave him such an explanation. The record shows that, when asked if he persisted in his plea of guilty, he made no audible response. This action of the court requires that a hearing be held by the district court on the petition under § 2255.

■ ■ It is apparent from the record before us, supplemented by our judicial notice of certain unfortunate delays in the office of the clerk of the district court relating to the filing of petitions and other communications sent by prisoners in penal institutions to the court, which occurred in the period here involved, that the motion of petitioner under § 2255, as well as his motion for appointment of counsel in that court, were not accorded the prompt and efficient attention which the standards established in this circuit require. For these lapses we will not permit petitioner to be penalized. Upon remandment of this matter to the district court, his request for appointment of counsel (denied seemingly for the reason that the court was misled into believing that it had been presented too late), should now be reconsidered.

In so directing we have not overlooked the well-established rule that a petitioner in a § 2255 proceeding has no right under the sixth amendment of the United States constitution to representation by counsel, such a proceeding being no part of the original criminal action, which falls into the class to which the provisions of the six amendment are limited. Instead a request for counsel in a § 2255 proceeding is addressed to the sound discretion of the court. McCartney v. United States, 7 Cir., 311 F.2d 475, 476 (1963). In the case at bar petitioner's conviction has never been reviewed on appeal and, under our action

in reversing and remanding, we are not substituting § 2255 for a direct appeal. We are limiting this proceeding to the narrow purposes defined by the act. We conclude that the issues involved and the accompanying circumstances would justify the district court in appointing counsel to represent petitioner there.

For all these reasons, this cause is remanded to the district court for further proceedings on the petition of defendant under § 2255 and on his motion for the appointment of counsel to act for him in said proceedings.

In this court, we appointed Don H. Reuben, Esquire, a member of the Illinois bar, to represent petitioner. Mr. Reuben has rendered diligent and effective service in this case, for which we express our appreciation.

Reversed and remanded with instructions.