Ralph Emmett HENDERSON, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. 8819.

United States District Court
N. D. California, N. D.

July 10, 1964.

Ted W. Isles, Sacramento, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., Sacramento, Cal., for respondent.

HALBERT, District Judge.

Petitioner was heretofore convicted of the crime of interstate transportation of a stolen motor vehicle (Title 18 U.S.C. § 2312) and sentenced by this Court under the provisions of Title 18 U.S.C. § 4208(a) (2) to a term of five years imprisonment. He now seeks to have his sentence vacated and set aside pursuant to the provisions of Title 28 U.S.C. § 2255.

Petitioner bases his asserted right to relief upon the contentions, among others, (1) that his conviction rested entirely upon the perjured testimony of a California Highway Patrolman and an agent of the Federal Bureau of Investigation; (2) that the United States Attorney knew of and participated in the alleged prejury; and (3) that his court-appointed counsel was ineffective by inadequately investigating, preparing and presenting petitioner's case.

■ Petitioner's present attorney, who had no association with petitioner's case prior to his appointment in this proceeding, has requested a transcript of the testimony given at petitioner's trial. Having found that the requested transcript is necessary in order for counsel to properly represent petitioner in this proceeding and that petitioner is unable to pay for the transcript, this Court, on May 21, 1964, ordered that such transcript be furnished to counsel and that the fees therefor be paid out of the appropriate funds of the United States. By a series of communications from the Administrative Office of the United States Courts, this Court has been informed that no funds are available for the payment of fees for transcripts to be furnished to indigent petitioners in § 2255 proceedings.[1]

■ Where, as here, it appears that substantial issues of fact will be presented in a § 2255 proceeding this Court is duty bound to appoint counsel to represent the petitioner (Dillon v. United States, 9 Cir., 307 F.2d 445). This duty arises not out of the Sixth Amendment but out of the Due Process Clause of the Fifth Amendment (Dillon v. United States, supra; and Anderson v. Heinze, 9 Cir., 258 F.2d 479; and cf. Ellis v. United States, 7 Cir., 313 F.2d 848; and United States ex rel. Wissenfeld v. Wilkins, 2 Cir., 281 F.2d 707). The assistance of counsel, whether demanded by the Fifth or Sixth Amendment, must be effective assistance (See Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; and Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158). This

Court cannot see how counsel can be expected to properly and effectively aid petitioner in the presentation of his contentions without an opportunity to read and study the alleged perjured testimony or the transcript showing the conduct of petitioner's previous attorney at trial. In order for petitioner to receive the effective assistance of counsel as is required in this situation, counsel must be provided with a transcript of the testimony at petitioner's trial.

■ Moreover, the principles announced in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, apply with equal force in collateral proceedings (Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892; Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39; and United States v. Glass, 4 Cir., 317 F.2d 200, supra). If indigency cannot be made a jurisdictional bar to seeking collateral relief, surely a procedure whereby the same result is reached by making indigency a practical bar to effective collateral relief cannot be tolerated. While the states are prohibited by the Equal Protection Clause of the Fourteenth Amendment from effectively discriminating against indigent petitioners in collateral proceedings, the same prohibition is imposed in federal proceedings by the Due Process Clause of the Fifth Amendment (Cf. Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884).

Although the Court is of the view that the requested funds are authorized under Title 28 U.S.C. § 753(f),[2] the fact remains that they have not been made available to pay for the transcript which is necessary in order to afford petitioner

---

1. The Administrative Office's determination is apparently based on its interpretation of Title 28 U.S.C. § 753(f), the pertinent part of which reads as follows:
   "Fees for transcripts furnished in criminal or habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose."
   The Office concluded that § 2255 proceedings (except on appeal) are not covered by this statute. With all due

deference, this Court cannot agree with the Office's interpretation (See United States v. Glass, 4 Cir., 317 F.2d 200). The remedy available under § 2255 is exactly commensurate with that which existed by habeas corpus prior to enactment of § 753(f) (Sanders v. United States, 373 U.S. 1, 14, 83 S.Ct. 1068, 10 L.Ed.2d 148). Accordingly, § 753(f) should apply equally to proceedings under § 2255.

2. See footnote 1, supra.

the fair hearing guaranteed to him by the Fifth Amendment. Assuming, *arguendo*, that contempt or other comparable proceedings against the Government or its officials were available, such proceedings would not be an adequate remedy here, since in the meantime petitioner would remain confined without an opportunity to adjudicate his contention that his detention is unlawful. Similarly, it would be inappropriate to order the transcript produced at the expense either of the Court Reporter or of petitioner's attorney, who would, in turn, be left with his remedy against the Government. The latter course of action would, it is felt, unduly shift the Government's burden to third persons.

This Court has determined that the only equitable and expedient remedy available in this case is to grant petitioner's motion and set aside the sentence heretofore imposed so that he may have the opportunity to be given a new trial. If petitioner is not brought to trial within 30 days from the date of judgment herein, the Government will be ordered to release petitioner from custody. This solution is not without precedent. In United States v. Germany, D.C., 32 F.R.D. 421, an indictment was dismissed and the defendant was discharged from custody where the defendant was denied effective assistance of counsel by the unavailability of funds to pay the costs of a necessary pre-trial investigation.

It is, therefore, ordered that the judgment and sentence heretofore imposed by this Court be, and the same are, hereby vacated and set aside;

It is further ordered that if the petitioner is not brought to trial within 30 days from the date of the judgment entered on this order, the Court will, upon proper application, enter an order compelling petitioner's immediate release from custody;

And it is further ordered that counsel for petitioner prepare and lodge with the Clerk of this Court appropriate findings of fact and conclusions of law together with a form of judgment.