**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles LOWE, Defendant-Appellant.**

**No. 15453.**

United States Court of Appeals
Seventh Circuit.

July 26, 1966.

Charles Lowe, F. Willis Caruso, Chicago, Ill., Barbara G. Caruso, LaGrange, Ill., for defendant-appellant.

Edward V. Hanrahan, U. S. Atty., Jules Terrence Brunner, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Lawrence Jay Weiner, Asst. U. S. Attys., of counsel.

Before HASTINGS, Chief Judge, and KILEY, and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

The district court, without a hearing, denied Lowe's Section 2255 motion, 28 U.S.C. § 2255, and he appealed. We affirm.

The question is, do the motion and files and records conclusively show that Lowe is entitled to no relief?

The indictment charged Lowe, under 18 U.S.C. § 495, with forgery of the endorsement of a payee on the back of a United States Treasury check. At the morning arraignment the United States

---

Attorney stated that the charge was "a one count indictment, forgery of a government check." The court then appointed counsel for Lowe. In the afternoon of the same day, Lowe and his counsel appeared, receipted for a copy of the indictment, and counsel told the court she had spoken with Lowe during the lunch hour. She waived, for Lowe, formal reading of the charges, which she stated to be "that one count, forgery of United States Treasury check in the amount of $135.50." Counsel also told the court she had informed Lowe of the penalties for the alleged offense, which she repeated, and of his right to a jury trial under a not-guilty plea. She said that Lowe desired to plead guilty. The court then told Lowe that he had heard counsel's statement and asked him whether he understood his right to a trial by jury before the court and that the maximum penalty (specifying the penalty) faced him if he pleaded guilty. The court then asked: "Understanding that, do you still desire to plead guilty?" Lowe answered, "Yes, sir."

■■ There is no merit in Lowe's claim that his guilty plea is void because the court accepted the plea without determining its voluntariness and his understanding of the nature of the charge. He relies upon Rule 11 of the Federal Rules of Criminal Procedure, and this court's decisions in Ellis v. United States, 313 F.2d 848 (7th Cir. 1963), and United States v. Davis, 212 F.2d 264 (7th Cir. 1954).

We think Lowe claims too much for the term "nature" in the requirement in Rule 11 that "the court * * * shall not accept the plea [of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge." There is no requirement that the "elements" of the

offense be explained. We take "nature" to mean the substance. There is no particular ritual. United States v. Davis, 212 F.2d at 267. A formal determination of Lowe's understanding is not required; the court must have been "responsibly satisfied" that when pleading guilty Lowe knew what he was doing and was doing so voluntarily. See United States v. Rizzo, 362 F.2d 97, 99 (7th Cir. 1966). That test was met here.[1] And there is no reason why the court should have done more than it did to insure that Lowe's drug addiction did not render unreliable his understanding and voluntariness. The statements of Lowe's counsel and the court's questions and Lowe's answers show this.

In *Ellis*, there was likely confusion surrounding Ellis' plea and "no audible response" to the court's question whether he understood the significance of his plea. And in *Davis*, the defendant charged misrepresentation of the charge by his attorney, and the "substance" of the indictment was not "stated in the defendant's presence."

■ We are not persuaded that reversible error was committed by the district court's failure to rule on Lowe's allegation, in the Section 2255 motion, that he would not have pleaded guilty "had not threats and promises been made to him." The district court merely found that "no statement or confession was received in evidence" against Lowe and that his sentence was upon his voluntary plea. This finding does not directly meet Lowe's point that he pleaded guilty only because he had received "threats and promises." We cannot assume the truth of these conclusions, but only of facts alleged to justify the conclusions. This allegation is vague, not particularized by allegations of fact, and does not show that Lowe has proof sufficient to

---

1. Rule 11, Fed. R. Crim. P., as amended February 28, 1966, and effective July 1, 1966, now contains the express requirement that the court *address the defendant personally* in determining that the plea is made voluntarily with understanding of the nature of the charge. The Advisory Committee's Note to the amended rule makes clear that personal interrogation of the defendant on this matter by the court is now required, even though he is represented by counsel, and counsel or the government attorney has attempted to explain the nature of the charge and the consequences of the plea.

demand inquiry into whether there was compulsion interfering with the voluntariness of his plea. See Mitchell v. United States, 359 F.2d 833, 836–837 (7th Cir. 1966).

We wish to express our appreciation to Mr. F. Willis Caruso of the Chicago Bar, who served as court-appointed counsel for Mr. Lowe and rendered valuable service, both in written briefs and on oral argument in this court.

Affirmed.