**Robert WOODWARD, a/k/a Robert Woodard, Appellant,**

v.

**UNITED STATES of America.**

**No. 18052.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs March 2, 1970.

Decided May 19, 1970.

Robert Woodward, in pro. per.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa. (Henry G. Barr, Asst.

U. S. Atty., Pittsburgh, Pa., on the brief) for appellee.

Before SEITZ, VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

On June 5, 1968, defendant entered a plea of guilty to an information charging that he wilfully and unlawfully possessed part of the proceeds of a robbery of a federally insured savings and loan association, knowing such proceeds to have been stolen, in violation of 18 U.S.C. § 2113(c). A five-year sentence was imposed at the time of the judgment of conviction and commitment on June 10, 1968. On December 3, 1968, defendant filed motions under 28 U.S.C. § 2255 to vacate the sentence and under F.R.Crim. P. 32(d) to set aside the judgment of conviction on the ground that the money in his possession had not been taken from a federally insured bank, but was the proceeds of forged checks. The District Court, after an extensive hearing, denied both motions by opinion and order of June 6, 1969. This appeal followed.

Defendant raises two principal arguments on this appeal: first, that the District Court's failure to comply with F.R.Crim.P. 11 in accepting the guilty plea violated due process, and, second, that manifest injustice resulted from the acceptance of the plea because it was later shown that defendant was not, in fact, guilty.

Defendant's first claim requires us to examine the guilty plea hearing. On June 5, 1968, defendant appeared before the District Court to waive indictment and plead guilty to the information. The United States Attorney read the information and, after asking defendant if he had received a copy of the information, if he had discussed it with his court-appointed counsel, and if he understood that he had a right to have the charge presented to a federal grand jury for indictment, asked the court to accept the waiver of indictment. The court accepted the waiver of indictment after personally questioning defendant about his understanding of his right to be indicted. The United States Attorney then interrogated the defendant as to the voluntariness of his plea and asked the court to accept the guilty plea.[1] The

---

1. The relevant portions of the discussion are as follows:

"MR. FISFIS [Assistant United States Attorney]: * * * I gather, Mr. Woodward, I have already, in effect read to you the information filed against you?

"THE DEFENDANT: Yes, sir.

"MR. FISFIS: All right, and you understand with what you are charged?

"THE DEFENDANT: Yes, sir.

"MR. FISFIS: And you have discussed this matter with your attorney, Mr. McDonald?

"THE DEFENDANT: Yes, sir.

"MR. FISFIS: How do you now plead to this information, guilty or not guilty?

"THE DEFENDANT: Guilty.

"MR. FISFIS: Are you aware that the penalty which may be imposed upon you is a fine of not more than $5,000. or imprisonment for not more than ten years or both?

"THE DEFENDANT: Yes, sir.

"MR. FISFIS: And have any threats or promises been made to induce your plea?

"THE DEFENDANT: No, sir.

"MR. FISFIS: Are you entering this plea voluntarily and of your own free will?

"THE DEFENDANT: Yes, sir.

"MR. FISFIS: You understand that by entering this plea of guilty you waive all defenses that you might have to the charge against you?

"THE DEFENDANT: Yes, sir.

"MR. FISFIS: You understand that, whether it is of a legal nature or a technical nature?

"THE DEFENDANT: Yes.

"MR. FISFIS: Of admissibility of evidence or of any sort whatsoever?

"THE DEFENDANT: Yes.

"MR. FISFIS: Have you discussed this charge with your attorney?

"THE DEFENDANT: Yes, sir.

"MR. FISFIS: And does he concur in your plea?

"THE DEFENDANT: That is right.

"MR. FISFIS: Is that correct?

"MR. McDONALD: I do.

"MR. FISFIS: Will the Court accept a plea."

court proceeded to question the defendant:

"THE COURT: You understand, Mr. Woodward, now that by entering this plea you are not merely going through a formality of saying that 'I plead guilty and I signed a guilty plea here' but you are technically in this court making a statement, 'that I admit that I did what the Government charges I did', you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you understand that making that admission in open court, of course, waives all defenses that you might raise, technical or otherwise, to the proceedings?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has anyone threatened you with any more serious consequences if you don't plead guilty?

"THE DEFENDANT: No, sir.

"THE COURT: Has anyone else told you that the sentence would be more lenient if you did plead guilty than trial?

"THE DEFENDANT: No, sir.

"THE COURT: Have you told your attorney all of the circumstances surrounding this?

"THE DEFENDANT: Yes, sir.

"THE COURT: Does he concur in the plea?

"MR. McDONALD: I do, your Honor.

"THE COURT: All right, we will take the plea."

Rule 11 of the Federal Rules of Criminal Procedure provides:

"A defendant may plead * * * guilty * * *. The court may re-

fuse to accept a plea of guilty, and shall not accept such plea * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

The Rule is designed to assure that a defendant who pleads guilty does so voluntarily, knowingly and intelligently. McCarthy v. United States, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969);[2] Durant v. United States, 410 F.2d 689, 692 (1st Cir. 1969); see United ed States ex rel. Allison v. New Jersey, 418 F.2d 332, 340 (3rd Cir. 1969). It requires the court to determine, by interrogating the defendant personally, the voluntariness of the plea,[3] and also to make three specific inquiries to assure itself that the defendant understands the risk he is taking by not requiring the Government to prove its case in court.

First, the court must satisfy itself that the defendant understands the nature of the charge. Routine questioning or a single response by the defendant that he understands the charge is insufficient.[4] To satisfy itself that the defendant actually does comprehend the charges, the court must explain the meaning of the charge and what basic acts must be proved to establish guilt.[5] Secondly, the court must assure itself that the defendant understands the possible consequences of his plea, including the maximum sentence that can be imposed together with any restriction on

2. The Supreme Court also noted that compliance with Rule 11 would expedite future hearings on a defendant's motion to vacate sentence on the ground that the plea was involuntary. 394 U.S. at 465, 89 S.Ct. 1166.

3. United States v. Lester, 247 F.2d 496, 499–500 (2nd Cir. 1957); see Dorrough v. United States, 385 F.2d 887, 890 (5th Cir. 1967).

4. Cf. United States ex rel. Crosby v. Brierley, 404 F.2d 790, 794 n. 6 (3rd Cir. 1968).

5. Munich v. United States, 337 F.2d 356, 359 (9th Cir. 1964); see Boykin v. Alabama, 395 U.S. 238, 244 n. 7, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969). Compare Kress v. United States, 411 F.2d 16 (8th Cir. 1969), where the district court read the indictment to the defendant.

the availability of parole.[6] Because Rule 11 requires that the court address the defendant personally, questioning by the United States Attorney or representation of the defendant by counsel will not discharge the court's duty to interrogate the defendant itself.[7] Finally, the court must satisfy itself that a factual basis for the plea exists,[8] although fulfillment of this requirement does not require interrogation by the court itself.[9]

 It is clear that the court in this case did not address the defendant personally concerning his understanding of the charge and of the consequences of his plea.[10] Because the "automatic prejudice" rule of McCarthy v. United States, *supra*, does not apply retroactively to this guilty plea, Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), our conclusion that Rule 11 was not followed has required us to examine the District Court's finding that the defendant's plea was entered voluntarily. Berry v. United States,

412 F.2d 189 (3rd Cir. 1969). An examination of the record discloses that substantial evidence supports the District Court's conclusion that the plea was entered voluntarily.[11]

From the defendant's responses to the United States Attorney at the guilty plea hearing, *supra* note 1, and from the assurances of defense counsel, it is clear that the defendant understood the consequences of his plea. And even aside from the colloquy at the guilty plea hearing, the sentencing hearing and defendant's subsequent motion to reduce sentence make clear that he understood the nature of the charges. At the sentencing hearing, after the United States Attorney and a co-defendant's counsel had given a full description of the crime, the defendant admitted that (1) he learned the day after he received the $300., and when he still had possession of this sum, that it was stolen from the savings and loan association, and (2) he understood this was the basis for the charge against him in the information. In the

---

6. Berry v. United States, 412 F.2d 189 (3rd Cir. 1969); Durant v. United States, 410 F.2d 689 (1st Cir. 1969).

7. E. g., Durant v. United States, *supra* note 6, at 692; Gomez v. United States, 396 F.2d 323 (9th Cir. 1968); United States v. Lowe, 367 F.2d 44, 45 n. 1 (7th Cir. 1966).

8. E. g., United States v. Steele, 413 F.2d 967 (2nd Cir. 1969).

9. The Advisory Committee Note, accompanying the 1966 amendments to Rule 11, U.S.C.A., F.R.Crim.P. 11, at 558 (1969), states:
 "The court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty. Such inquiry should, e. g., protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."

10. At the sentencing hearing, the parties gave a full recitation of the facts leading to the Government's information against the defendant.

11. In McCarthy v. United States, *supra*, the Court rejected the Government's contention that non-compliance with Rule 11 could be remedied by a factual hearing in which the Government would bear the burden of proving voluntariness. In Halliday v. United States, *supra*, the Court accepted such a remedy for pleas entered prior to April 20, 1969. Assuming that the burden in such a hearing is upon the Government, United States ex rel. Crosby v. Brierley, 404 F.2d 790, 795 (3rd Cir. 1968); United States ex rel. McCloud v. Rundle, 402 F.2d 853, 857 (3rd Cir. 1968), the record in this case makes clear that this burden was carried by the Government in the District Court hearing. Cf. United States v. DelPiano, 386 F.2d 436 (3rd Cir. 1967), cited in McCarthy v. United States, *supra*, 394 U.S. at 468 n. 23, 89 S.Ct. 1166; United States v. Miller, 243 F.Supp. 61 (E.D. Pa.1965), aff'd. per curiam, 356 F.2d 515 (3rd Cir. 1966).

motion to reduce sentence, the following admission appears:

> "The $300.00 received by Robert Woodward were received by him as down payment on a motorcycle and not with knowledge of their source. Admittedly, thereafter, the requisite knowledge was acquired."

Attached to the motion was defendant's notarized affidavit "that the facts therein are true and correct according to the best of his knowledge, information and belief."

Defendant argues, alternatively, that the District Court abused its discretion in not granting his motion, under F.R. Crim.P. 32(d), to withdraw his plea. Rule 32(d) provides:

> "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed * * *; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Defendant claims that after sentence was imposed, he discovered that the money handed to him by the bank robber was not actually proceeds from the robbery, but from the fraudulent conversion of checks. Therefore, he argues, he is not guilty of possessing proceeds from the robbery of a federally insured bank, and "manifest injustice" resulted from his conviction.

Although a finding of manifest injustice under Rule 32(d) may not require as strong a showing as a claim of deprivation of due process, United States v. Washington, 341 F.2d 277, 281 n. 3 (3rd Cir. 1965), a motion under Rule 32(d) closely resembles a motion to vacate sentence under 28 U.S.C. § 2255. United States v. Mainer, 383 F.2d 444, 447 (3rd Cir. 1967). The defendant's burden in a Rule 32(d) motion, as in a § 2255 proceeding, is heavy. United States v. Mainer, *supra;* Kadwell v. United States, 315 F.2d 667 (9th Cir. 1963).[12] A plea of guilty waives all nonjurisdictional defenses, whether these defenses be later raised in a § 2255 petition or a Rule 32(d) motion. E. g., Frye v. United States, 411 F.2d 562 (5th Cir. 1969) (§ 2255 proceeding); Abram v. United States, 398 F.2d 350 (3rd Cir. 1968) (same); United States v. Ptomey, 366 F.2d 759 (3rd Cir. 1966).

However, the truth of defendant's claim of innocence may provide a basis for a finding that the guilty plea was not entered intelligently or that withdrawal of the plea is necessary to correct manifest injustice. See, e. g., Hudgins v. United States, 340 F.2d 391 (3rd Cir. 1965); Gawantka v. United States, 327 F.2d 129 (3rd Cir. 1964). For this reason, the District Court held a hearing on defendant's claim,[13] but concluded that the evidence presented by the defendant did not demonstrate manifest injustice.[14] After a careful review

---

12. Prior to imposition of sentence, leave to withdraw a plea should be freely granted, especially where the Government can show no prejudice. United States v. Young, 424 F.2d 1276 (3rd Cir. 1970). But a much heavier burden is upon the defendant following the imposition of sentence, in order to protect against defendants "testing" the court's leniency without relinquishing their right to a trial. Kadwell v. United States, *supra.*

13. See United States v. Washington, *supra,* 341 F.2d at 286 n. 11.

14. The District Court held:
 "Relator had the burden of proving that he would suffer manifest injustice if his plea of guilty was not withdrawn and we believe he did not carry that burden. * * * In this respect, even if petitioner were able to establish that the money he received and possessed could not be traced to the bank robbery, the evidence presented at the sentencing and in the hearing on this petition would support a charge of being an accessory after the fact of the offense. Petitioner's alleged lack of a factual basis for his plea rests entirely upon the testimony of Virgil Yates [the co-defendant who robbed the bank]. As it is within the court's discretion to permit a withdrawal of a plea, we must deny petitioner's motion for the reason that Virgil Yates' credibility is extremely doubtful and the testimony of the segregation of the proceeds of the different crimes is questionable at best."

of the record, we cannot say that the District Court abused its discretion.[15]

Defendant's claim that the District Court did not have jurisdiction to impose sentence is without merit.

The District Court order of June 6, 1969, will be affirmed.

15. In United States v. Washington, *supra*, 341 F.2d at 281, this court stated:

"The district court's ruling on * * * [a Rule 32(d)] motion is appealable, and an appellate court will reverse a refusal to allow the withdrawal only if it can say that manifest injustice would otherwise be done. * * * The good faith, credibility and weight of a defendant's assertions and those made on his behalf in support of a motion under Rule 32(d) are preeminently issues for the hearing court to decide."