**Joseph T. CHRISTINZIO, Appellant, and George N. Flynn**

v.

**UNITED STATES of America.**

**No. 71–1925.**

United States Court of Appeals, Third Circuit.

Submitted June 16, 1972.

Decided July 3, 1972.

Joseph T. Christinzio, pro se.

Jerome L. Merin, Asst. U. S. Atty., Newark, N. J., for appellee.

Before STALEY, VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM:**

This appeal challenges a June 22, 1971, district court order denying an application of plaintiff under 28 U.S.C. § 2255 for vacation of sentence imposed on September 23, 1966 (Criminal No. 239–66, D.N.J.).

The application requests that the conviction and sentence be vacated "because there is no factual basis for conviction and the charges are not supported by a true bill of the Grand Jury according with the Federal Constitution, Amendment V."[1] After a careful re-

---

1. The petition also contends that:
   " . . . (1) the indictment in criminal 239–66 was obtained by deliberate misleading of the Grand Jury; (2) they did not understand these charges; (3) the District Judge did not under- stand these charges or the sentences allowed by law; (4) the officers of the Court did not understand these charges or the sentences allowed by law; (5) the indictment was patently ambiguous; (6) there was not, and could not be,

view of the criminal file, including the transcripts of the July 25, 1966, guilty plea of petitioner to two counts of the indictment alleging violation of 18 U.S. C. § 2113(a) and of the subsequent September 23, 1966, sentencing proceeding, we have concluded that on this record there is no merit in the above-quoted contentions raised by the petition.[2] See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3d Cir. 1970), and cases there cited.

However, the transcript of the July 25, 1966, proceeding discloses that the district court did not comply with Rule 11 of the Federal Rules of Criminal Procedure[3] at the time it accepted the guilty plea on the basis of which the sentence was entered.[4] At least this portion of the mandate of that rule, which was summarized, in part, as follows in Woodward v. United States, 426 F.2d 959, 962 (3d Cir. 1970), was not explained to petitioner:[5]

a factual basis for conviction and sentences at the federal forum; (7) they were denied *due process*, effective assistance of counsel and fundamental fairness in federal criminal proceedings in violation of the Federal Constitution, Amendments V and VI."

2. Count I charged that Christinzio entered on May 15, 1966, an insured bank "with intent to commit larceny" in violation of 18 U.S.C. § 2113(a), and Count II charged such entry in such bank "with intent to commit a felony affecting such bank; that is, the taking and carrying away, with intent to steal or purloin property, money, or things of value in excess of $100, belonging to or in the care, custody, control, management or possession of said bank," in violation of 18 U.S.C. § 2113(a). See United States v. Christinzio, et al., Criminal 239–66, D.N.J. Even if one of these two counts was defective for duplicity, since Christinzio pleaded guilty to both counts on the advice of counsel and received only a general sentence of 15 years' imprisonment where he could have received a 20-year sentence on either count alone, such a defect would not entitle him. to relief. *See, e. g.*, United States v. Fairchild, 435 F.2d 972, 975 (10th Cir. 1971); Barnes v. United States, 197 F.2d 271 (8th Cir. 1953).

3. Rule 11 of the Federal Rules of Criminal Procedure provides:
   "A defendant may plead . . . guilty. . . . The court may refuse to accept a plea of guilty, and shall not accept such plea . . . without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. . . . The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

4. We note that although the petitioner's district court brief alleged that the sentencing judge did not comply with Rule 11 of the Federal Rules of Criminal Procedure, this contention was only presented to the district court to the extent of the allegations in such brief (pages 8–9), stating that there was not "a factual basis for the plea" and it was not "voluntarily and understandingly made." Furthermore, the district court has rejected this claim of noncompliance with Rule 11 when made by the co-defendant Flynn, who entered guilty pleas to the same two counts at the same proceeding at which petitioner was present and entered his pleas. See Flynn v. United States, Civil No. 172–67, D.N.J., Opinion of November 30, 1967, aff'd. 404 F.2d 935, (3d Cir. 1968). Also we note that the "files and records of the case" (see third paragraph of 28 U.S.C. § 2255) show that the district court judge made these statements at the time of sentencing, without any denial by either co-defendant:
   "You have been involved in crimes of violence. You have been involved in crimes that all circumstances indicate carry guns, and you don't carry guns to start some fellow on a 100 yard dash, not when you are entering banks at 4:00 o'clock in the morning."

5. Although the district court personally addressed the co-defendant Flynn concerning the nature of the charges and the consequences of the plea (pp. 1–3 of transcript of change of plea proceedings of July 25, 1966, in Criminal No. 239–66, D.N.J.), the only statements arguably made by the district court personally to petitioner to determine that Christinzio understood the nature of the charges were as follows (p. 5 of above transcript):

"First, the court must satisfy itself that the defendant understands the nature of the charge. Routine questioning or a single response by the defendant that he understands the charge is insufficient. To satisfy itself that the defendant actually does comprehend the charges, the court must explain the meaning of the charge and what basic acts must be proved to establish guilt." [Footnotes omitted.]

Santobello v. New York, 404 U.S. 257, 261–262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Compare: Kress v. United States, 411 F.2d 16 (8th Cir. 1969).

▪ Under these circumstances, the district court is required to hold a hearing to determine whether Christinzio's plea of guilty was in fact entered voluntarily with an understanding of the nature of the charges,[6] since the "files and records of the case" do not "conclusively show that the prisoner is entitled to no relief." See 28 U.S.C. § 2255; George v. United States, 421 F.2d 128 (2d Cir. 1970). Although the transcripts of the July 25, 1966, proceeding and of the sentencing proceeding make clear that petitioner was not a stranger to the federal criminal courts, the record before the district court did not permit a finding or conclusion that the Government had sustained the burden imposed on it by the failure of the sentencing judge to comply with the above-mentioned Rule 11 requirements. See *Halliday, supra* note 6.

The June 22, 1971, order will be vacated insofar as it denied the application of petitioner and the case will be remanded to the district court for further proceedings in accordance with this opinion.

---

"THE COURT: Now, Mr. Christinzio, your age, please?
"DEFENDANT CHRISTINZIO: 28, sir.
"THE COURT: You understand the nature of these charges, and it is your intention to plead guilty to the first two counts—is that correct, Mr. Caggiano?
"MR. CAGGIANO [Attorney for Christinzio]: Yes, your Honor.
    *     *     *     *     *
"THE COURT: Do you understand, Mr. Christinzio, by the entry of a plea of guilty to the first two counts that you immediately waive any trial either by a jury or by the Court?

"DEFENDANT CHRISTINZIO: Yes."

6. In Halliday v. United States, 394 U.S. 831, 832, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), the Supreme Court affirmed a judgment that a federal criminal defendant "was not entitled to relief because 'ample evidence' supported the District Court's finding that the Government had met its burden of demonstrating that petitioner entered his plea voluntarily with an understanding of the nature of the charges against him." This *Halliday* rule applies to pleas entered prior to April 2, 1969. See *Woodward, supra*, at note 11.