

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2005

# USA v. Torres

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1079

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Torres" (2005). *2005 Decisions.* Paper 1115.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1115

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1079

———

UNITED STATES OF AMERICA

v.

ROQUE TORRES
a/k/a Oscar Torres

ROQUE TORRES,
    Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cr-00636-1)
District Judge: Honorable Joseph A. Greenaway, Jr.

———

Submitted Under Third Circuit L.A.R. 34.1(a)
April 21, 2005

Before: ROTH, FUENTES, and STAPLETON, Circuit Judges.

(Filed:  May 31, 2005)

OPINION OF THE COURT

———

FUENTES, Circuit Judge.

-1-

Counsel for Roque Torres has filed a motion to withdraw as appellate counsel in this case and has submitted a brief in support thereof pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel argues that there are no non-frivolous issues that can be raised on appeal by Torres. Torres was provided with a copy of the motion and the brief and was given notice that he could file a pro se brief. He elected to do so and filed an informal brief with the Court on September 23, 2004.

Torres was charged in a one-count information with distribution and possession with intent do distribute more than 50 grams of cocaine base ("crack"), 21 U.S.C. § 841(a), (b)(1)(A). The charge arose from the sale by Torres of two bags of crack for a cash amount of $2,400 to an undercover FBI agent on September 6, 2001. Torres was subsequently arrested on March 22, 2002 when he agreed to sell an additional approximately 50 grams of crack to the undercover FBI agent. On August 19, 2002, Torres pled guilty to the one-count information pursuant to a written plea agreement.

Subsequently, Torres filed a motion for downward departure pursuant to § 5K2.0 of the U.S. Sentencing Guidelines ("Guidelines") and 18 U.S.C. § 3553. Specifically, while noting his strong familial ties as well as his contrition for having caused pain to his family, Torres sought a downward departure on account of his medical condition, particularly his diabetes, high blood pressure and heart disease. Torres also asked the District Court to depart from the Guidelines because he had cooperated with the Government and because of his allegedly deplorable pre-trial prison confinement. The Government thereafter filed an

opposition to Torres' motion on the grounds that Torres had failed to show that the Bureau of Prisons would be unable to properly care for him given his medical conditions. In addition, the Government stated that Torres had already received a lower Guidelines range on account of his cooperation, and that, with regards to the issue of the condition of his pre-trial confinement, Torres had not shown that the jail conditions in the district were atypical as compared with jails in other jurisdictions.

On December 22, 2003, Torres appeared before the District Court for sentencing. The District Court, after noting its authority to depart downward in its discretion pursuant to § 5K2.0 of the Guidelines, declined to do so. Specifically, it found that Torres' medical conditions were not so extraordinary that they could not be treated adequately by the Bureau of Prisons, or that the jail conditions in the prisons in the district were such to depart downward. In addition, the District Court noted that a downward departure premised on Torres' cooperation with the Government would be inappropriate pursuant to § 5K2.0, absent special circumstances, because to do so would override the Government's discretion not to file a motion pursuant to § 5K1.1 of the Guidelines. After noting that the sentencing range under the Guidelines was 87 to 108 months, the District Court imposed a sentence of 91 months imprisonment. In addition, the District Court imposed three years of supervised release and a mandatory $100 special assessment.

We adhere to a two-part inquiry when analyzing Anders briefs. See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). This inquiry consists of the following: "(1)

whether counsel adequately fulfilled the rule's[1] requirements; and (2) whether an independent review of the record presents any non-frivolous issues." Id. Regarding the first issue, we find that counsel's brief is adequate. When an attorney submits an Anders brief, her duties are (1) to demonstrate to the Court that she has thoroughly examined the record for appealable issues; and (2) to demonstrate that the issues are frivolous. Id. In carrying out her duties, "[c]ounsel need not raise and reject every possible claim." Id. Counsel needs only to satisfy the "conscientious examination" standard set forth in Anders. Id. After reviewing the brief submitted by counsel, we are satisfied that counsel has met this standard. She examined the record for any potential appealable issues arising from the plea proceeding and the sentencing proceeding and supported her claims of frivolousness with citations to the relevant case law. In addition, in response to an order of this Court directing counsel to raise any issues under the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), counsel for Torres submitted a letter requesting that the sentence be vacated and the case remanded to the District Court for re-sentencing.

With regards to the second-prong of the analysis, we must conduct our independent review of the record to determine whether any non-frivolous issues should be raised on appeal. However, when an Anders brief appears adequate on its face, as it does here, our independent examination of the record is to be guided by the Anders brief itself and the

---

[1]Rule 109.2 of the Third Circuit's Local Rules outlines the requirements appellate counsel must follow in order to withdraw from the representation pursuant to Anders.

Appellant's pro se brief. See Youla, 241 F.3d at 301.

In his pro se brief, Torres argues that his Fifth Amendment rights were violated when his case proceeded on the one-count information in the absence of an indictment. Torres also argues that his Sixth Amendment right to a speedy trial was violated when there was a lapse of almost five months between the time of his arraignment and the time of his plea. We find these issues to be without merit. With respect to the Fifth Amendment violation, the record is clear that Torres knowingly and voluntarily waived his right to an indictment. See App. at 28-30 (transcript from guilty plea hearing). With respect to the Sixth Amendment violation, Torres waived all non-jurisdictional defenses, including the right to a speedy trial, when he pled guilty. See Woodward v. United States, 426 F.2d 959, 964 (3d Cir. 1970). Speedy trial claims are among the claims that are waived as a result of a guilty plea. See United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997); United States v. Coffin, 76 F.3d 494, 496 (2d Cir. 1996).

Finally, Torres, through his counsel, challenges his sentence under Booker. Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for re-sentencing in accordance with Booker. See generally United States v. Davis, – F.3d –, 2005 WL 976941 (3d Cir. Apr. 28, 2005). Because we remand for re-sentencing, we need not address the one issue raised by counsel for Torres in her Anders brief: whether the District Court abused its discretion in denying Torres' motion for downward departure. In any event, we note that the

issue would be frivolous as it is well-established that a district court's refusal to downward depart is not reviewable on appeal where it is clear that the court understood its authority to depart and exercised its discretion not to do so, as is the case here. See United States v. Gori, 324 F.3d 234, 239 (3d Cir. 2003).

Accordingly, we will affirm Torres' judgment of conviction. We will vacate his sentence and remand for re-sentencing. Defense counsel's motion to withdraw pursuant to Anders is hereby denied.[2]

---

[2]We note that Torres, acting pro se, submitted a letter in response to an order of the clerk's office stating that he did not wish to challenge his sentence under Booker. This creates the appearance of a conflict with the letter submitted by his counsel requesting that the sentence be vacated and the matter remanded for re-sentencing. However, we do not believe that Torres intended to waive his right for re-sentencing under Booker or that he did not consent in the letter submitted by his counsel. In particular, we note that Torres stated that "he wishes not to challenge his sentence" because of his belief that "[c]hallenging his sentence would be irrelevant at this time do [sic] to that his conviction was attained in violation of his Sixth Amendment Right [sic] to jury trial." Clearly, Torres was acting under the erroneous assumption that his sentence was invalid because of his belief that his conviction was obtained unlawfully, as he argued in his informal brief. However, it is clear that there are no meritorious issues on appeal relating to Torres' conviction, and we will accordingly grant the request for re-sentencing by counsel for Torres in light of the Supreme Court's decision in Booker.