

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2005

# USA v. Hadima

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2667

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"USA v. Hadima" (2005). *2005 Decisions.* Paper 55.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/55

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2667

UNITED STATES OF AMERICA

v.

SAMEH HADIMA,
                                        Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. 04-cr-00178-1
District Judge:  The Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2005

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and POLLAK,[*] <u>District Judge</u>

(Opinion Filed:  December 22, 2005)

OPINION

---

[*]The Honorable Louis H. Pollak, District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

BARRY, Circuit Judge

Sameh Hadima appeals his conviction for making a false statement about a material fact in an immigration document, in violation of 18 U.S.C. § 1546(a). For the reasons stated below, we will vacate the conviction.

In August 2000, Hadima, a native of Egypt, married Kathy Masden, a United States citizen. In January 2001, Hadima filed an application to register as a permanent resident. His application was approved in June 2001, and he was granted conditional permanent resident status based on his marriage to a United States citizen. In April 2003, two months before his conditional resident status was set to expire, Hadima filed an Application for Naturalization (N-400) and a Petition to Remove Conditions of Residence (Form I-751) ("Petition"). The basis for Hadima's Petition was that "[his] conditional residence [was] based on [his] marriage to a U.S. citizen . . . and [they were] filing th[e] petition together." (App. at 7.) Therefore, both Hadima and his wife were required to sign the Petition. Hadima admits that he signed Masden's name. He claims, and the government has never disputed, that Masden expressly authorized him to do so.[1]

In July 2004, Hadima was charged, in an eight-count Second Superseding Indictment, with marriage fraud, in violation of 18 U.S.C. § 1325(c); making false statements in the course of an official investigation, in violation of 18 U.S.C. § 1007;

_____

[1] Hadima has consistently claimed that Masden signed a copy of the Petition at their home, but that he was away on active duty with the United States Army Reserves when the filing deadline arrived. He called Masden, "and she explicitly and specifically authorized him to sign her name on another I-751 Petition." Appellant's Br. at 13.

2

making false statements in immigration documents, in violation of 18 U.S.C. § 1546; and aiding and abetting the foregoing offenses, in violation of 18 U.S.C. § 2. In November 2004, Hadima entered into a written plea agreement in which he agreed to plead guilty to an Information charging him with making a false statement in an immigration document, in violation of 18 U.S.C. § 1546, in exchange for which the government agreed to dismiss the Indictment. Hadima pleaded guilty to the agreed-upon charge and was sentenced to three months in prison and assessed $100. He has served his sentence.

Before accepting Hadima's guilty plea, the District Judge conducted the colloquy required by Federal Rule of Criminal Procedure 11(b)(2), and asked the prosecutor to outline what the government would have been prepared to prove at trial. The prosecutor provided some background information, and then stated:

> On or about April 8, 2003, [Citizenship and Immigration Services] accepted a petition to remove conditions on residence -- conditions on his residence, a Form I-175, that was filed by the defendant and Masden based on their marriage. Now that form was required to be signed by both the alien, in this case the defendant, and the United States citizen, in this case Ms. Masden Hadima. *The form also contained a certification that it actually was being signed by the persons whose names appeared on the form.*
> That form was completed, signed, and mailed to Citizenship and Immigration Services, however, by the Defendant while he was on active duty in the United States Army. The Defendant contends that he requested permission to retrieve another form, this one reportedly signed by Ms. Masden Hadima herself, to send to immigration officials, but he was denied that opportunity by people in his command. The Defendant also contends that he had oral permission from Ms. Masden Hadima to sign her name to that form before sending it to immigration officials.
> Nonetheless, as the Defendant well knew, he, in fact, signed [Masden's] name to that form. Knowing it was not being signed by her, and then submitted that form to immigration officials as if it had been signed by her personally.

3

(App. at 49-50) (emphasis added). The District Judge asked Hadima if he agreed with that statement of the facts, and Hadima replied, "Yes, Your Honor." (App. at 51.) Satisfied that all of the Rule 11 requirements were met, the Judge accepted the guilty plea. However, the facts as stated by the prosecutor were *not* correct. The government now admits that the prosecutor "mis-spoke" when he said that the form contained a separate certification that it was actually being signed by the persons whose names appeared on the form. Appellee's Br. at 13 n.3. No such certification exists.

Hadima seeks to have his conviction vacated on the ground that he did not commit a crime when he signed his wife's name. We admit to some surprise that the government has persisted in opposing this request even though it has been forced to admit that there was no separate certification signed by Hadima, much less one stating that Hadima's wife had, in fact, signed her own name. That would have been a false statement. So, too, would it have been a false statement had her signature been "falsified" which is "where," the government alleged, "the offense lies." (App. at 50-51).

Generally, knowing and voluntary guilty pleas waive all non-jurisdictional defects. *See Woodward v. United States*, 426 F.2d 959, 964 (3d Cir. 1970) ("A[n unconditional] plea of guilty waives all non-jurisdictional defenses . . . ."); *Abram v. United States*, 398 F.2d 350, 350 (3d Cir. 1968) (same). However, "application of th[is] rule is misplaced" when "a defendant's actions do not constitute a crime and . . . the defendant is actually innocent of the charged offense." *United States v. Andrade*, 83 F.3d 729, 731 (5th Cir. 1996). Courts have permitted attacks on guilty pleas in the interest of justice when the

4

defendant has pled guilty to something that was not a crime. *See, e.g.*, *Andrade*, 83 F.3d 729 (permitting an attack on a guilty plea where "intervening law has established that a defendant's actions do not constitute a crime . . . ."); *United States v. Barnhardt*, 93 F.3d 706 (10th Cir. 1996) (allowing the defendant to attack the validity of his conviction "if the facts he pled guilty to are subsequently determined not to be criminal"); *United States v. Barboa*, 777 F.2d 1420 (10th Cir. 1985) (vacating defendant's sentence on the ground that his guilty plea was invalid because his actions did not constitute a crime); *Woodward v. United States*, 426 F.2d 959, 964 (3d Cir. 1970) ("[T]he truth of [a] defendant's claim of innocence may provide a basis for a finding that the guilty plea was not entered intelligently or that withdrawal of the plea is necessary to correct manifest injustice.")

We agree that, as the Tenth Circuit put it, a defendant who pled guilty to something which was not a crime "is not now precluded from raising this jurisdictional defect, which goes 'to the very power of the State to bring the defendant into court to answer the charge brought against him.'" *Id.* Permitting a guilty plea to stand when the defendant's actions do not constitute a crime would be a miscarriage of justice.

We must, therefore, determine whether Hadima committed a crime. It is undisputed that Hadima signed his wife's name to the Petition. Hadima claims, and the government has not disputed, that he had her permission to sign her name, and that he believed it was legal for him to do so. These facts do not establish a violation of 18 U.S.C. § 1546(a), which provides, in relevant part that:

"Whoever knowingly makes under oath, or . . . knowingly subscribes as

5

true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing such statement -- Shall be fined under this title or imprisoned not more than five years, or both."

We do not agree with the government that Hadima "made a false statement when he signed both his and his 'wife's' names on the Form I-571." Appellee's Br. at 26. We refuse to find that signing a spouse's name, *with permission*, constitutes a "false statement" within the meaning of § 1546(a). No federal court has ever found an authorized signature to be a violation of any federal false statement statute, and the Second Circuit, for one, expressly found that a defendant's assertion that he was authorized to sign his spouse's name was an affirmative defense to a charge of violating 18 U.S.C. § 1014, a similarly worded false statement statute.[2] *United States v. West*, 666 F.2d 16 (2d Cir. 1981); *see also United States v. Hamer*, 10 Fed. Appx. 205, 216 (4th Cir. 2001) ("[H]ad the evidence supported a finding that Douglas authorized [the defendant] to apply for credit in Douglas's name for Douglas's benefit and with the intent to bind Douglas, the authority would have negated the intent required to support a conviction under § 1014."); *United States v. Nelson*, 485 F. Supp. 941, 944 (D. Mich. 1980).

We, therefore, conclude, given Hadima's uncontested assertion that he had permission to sign his wife's name on the Petition, that he did not commit a crime. We

---

[2] Section 014 states, in relevant part that: "Whoever knowingly makes any false statement or report . . . for the purpose of influencing in any way the action of the Farm Credit Administration, Federal Crop Insurance Corporation or a company the Corporation reinsures . . . shall be fined not more than $1,000,000 or imprisoned not more than 30 years or both."

will vacate his judgment of conviction.[3]

<hr>

[3] As part of the plea agreement, Hadima agreed "that the United States may . . . reinstate any dismissed counts in the event that the charges to which [he] has pleaded guilty . . . are subsequently vacated . . . [and he] further agrees to waive any defenses to the reinstatement of those charges . . . ." (App. at 25-26.) We are confident that the government will let this case end – now.